**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MARISABEL BELLO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 3:19-cv-00004-M** |
| | § | |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; WELLS FARGO & COMPANY'S LONG-TERM DISABILITY BENEFITS PLAN** | § | |
| | § | |
| **Defendants.** | § | |

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Liberty Life Assurance Company of Boston ("Liberty Life") and Wells Fargo & Company's Long-Term Disability Benefits Plan ("the LTD Plan") (collectively "Defendants") file this Answer to Plaintiff's Complaint ("Complaint"), and state as follows:

**I.**
**Parties, Jurisdiction and Venue**

1. Defendants admit that Wells Fargo & Company ("Wells Fargo") sponsored the LTD Plan to provide disability benefits to certain Wells Fargo employees. Defendants admit Plaintiff was, at certain times, employed by Wells Fargo and a participant in the LTD Plan. Defendants admit that Liberty Life issued Group Disability Income Policy Number GF3-850-289424-01 (the "Policy") to Wells Fargo. Defendants admit that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Defendants deny all remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit the LTD Plan is an employee benefit plan as defined by the Employee Retirement Income Security Act ("ERISA"). Defendants admit that Wells Fargo is a

California Corporation and it that sponsored the LTD Plan to provide disability benefits to certain Wells Fargo employees. Defendants admit that the LTD Plan was properly served in this action. Defendants deny all remaining allegations contained in Paragraph 3 of the Complaint.

4. Defendants admit the Court has jurisdiction over this action under ERISA. Defendants specifically deny, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Defendants. Defendants deny all remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendants admit that venue is proper in this District and Division. Defendants deny all remaining allegations contained in Paragraph 5 of the Complaint.

## II.
## Facts

6. Defendants admit that Plaintiff was, at certain times, employed by Wells Fargo. Defendants deny all remaining allegations contained in paragraph 6 of the Complaint.

7. Defendants admit Plaintiff was, at certain times, employed by Wells Fargo and a participant in the LTD Plan. Defendants deny all remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit that Liberty Life issued the Policy to Wells Fargo and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Defendants admits that, at certain times, Liberty Life was the claims administrator of claims for benefits from the LTD Plan under the Policy. Defendants specifically deny that Liberty Life was the Plan Administrator of the LTD Plan, and deny all remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit that Liberty Life issued the Policy to Wells Fargo and that, at certain times, the Policy insured benefits from the LTD Plan under the terms of the Policy. Defendants deny all remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendants admits that, at certain times, Liberty Life was the claims administrator of claims for benefits from the LTD Plan under the Policy. Defendants specifically deny that Liberty Life was the Plan Administrator of the LTD Plan, and deny all remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit that Plaintiff’s last day of work at Wells Fargo was December 24, 2015. Defendants admit that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan, but Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit the Policy includes language pertaining to the definitions of “Disabled” or “Disability” as applicable to a participant’s claim for benefits from the LTD Plan under the Policy, but Defendants refer to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 13 seek to interpret the provisions of the Policy, Defendants refer to the Policy itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit the Policy includes language pertaining to the definitions of “Disabled” or “Disability” as applicable to a participant’s claim for benefits from the LTD Plan under the Policy, but Defendants refer to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 14 seek to interpret the provisions of the

Policy, Defendants refer to the Policy itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendants admits only that Liberty Life's decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Defendants deny all remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendants are without sufficient information or knowledge regarding any conclusions made by Plaintiff, and, accordingly, must deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit Plaintiff was, at certain times, employed by Wells Fargo and a participant in the LTD Plan. To the extent that the allegations contained in Paragraph 17 seek to interpret the provisions of the Policy, Defendants refer to the Policy itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendants admits only that Liberty Life's decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Defendants deny all remaining allegations contained in Paragraph 18 of the Complaint.

19. Defendants admit Liberty Life sent a letter to Plaintiff's counsel dated September 8, 2017, and Defendants refer to the letter itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants are without sufficient information or knowledge regarding Plaintiff's financial status or her knowledge of benefits eligibility, and, accordingly, must deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants admit that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendants admit that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 24 of the Complaint.

25. Defendants admit Plaintiff submitted a claim for benefits from the LTD Plan under the Policy. Defendants deny all remaining allegations contained in Paragraph 25 of the Complaint.

26. Defendants admit Plaintiff submitted a claim for benefits from the LTD Plan under the Policy and that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Defendants refer to the administrative record itself as the best evidence of its contents. Defendants admit that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Defendants refer to the administrative

record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 26 of the Complaint.

27. Defendants admit only that Liberty Life's decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Defendants deny that they violated any provision of ERISA with regard to Plaintiff's claim for benefits and deny all remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendants admit only that Liberty Life's decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Defendants deny that they violated any provision of ERISA with regard to Plaintiff's claim for benefits and deny all remaining allegations contained in Paragraph 28 of the Complaint.

29. Defendants admit that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants admit Liberty Life sent a letter to Plaintiff's counsel dated October 23, 2017, and Defendants refer to the letter itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendants admit Liberty Life sent a letter to Plaintiff's counsel dated October 23, 2017, and Defendants refer to the letter itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 33 of the Complaint.

34. Defendants admit Liberty Life sent a letter to Plaintiff's counsel dated October 23, 2017, and Defendants refer to the letter itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 34 of the Complaint.

35. Defendants admit that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 35 of the Complaint.

36. Defendants admit that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 36 of the Complaint.

37. To the extent that the allegations contained in Paragraph 37 seek to interpret the provisions of the Policy, Defendants refer to the Policy itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 37 of the Complaint.

38. Defendants admit that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Defendants refer to the administrative record itself as the best evidence of its contents. Defendants are without sufficient information or knowledge regarding what Plaintiff may have "anticipated," and, accordingly, must deny the allegations contained in Paragraph 38 of the Complaint.

39. Defendants admit that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, but Defendants refer to the

administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 39 of the Complaint.

40. Defendants are without sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 40 of the Complaint, and accordingly, must deny these allegations.

41. Defendants admit Liberty Life received an appeal of the denial of Plaintiff's claim for benefits from the LTD Plan under the Policy, along with additional documentation, which is contained in the administrative record, and Defendants refer to the administrative record itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 41 of the Complaint.

42. Defendants admit Liberty Life sent a letter to Plaintiff's counsel dated May 23, 2018, and Defendants refer to the letter itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 42 of the Complaint.

43. Defendants admit Liberty Life sent a letter to Plaintiff's counsel dated May 23, 2018, and Defendants refer to the letter itself as the best evidence of its contents. Defendants deny all remaining allegations contained in Paragraph 43 of the Complaint.

44. Defendants admit that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan under the Policy, which is an employee benefit plan as defined by ERISA, but Defendants deny Plaintiff is entitled to any such relief or recovery. Defendants deny all remaining allegations contained in Paragraph 44 of the Complaint.

**III.**
**Count One - Denial of ERISA Benefits**
**(Against Both Defendants)**

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants admit that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by ERISA, along with other damages, but Defendants deny Plaintiff is entitled to any such relief or recovery. Defendants deny all remaining allegations contained in Paragraph 46 of the Complaint.

**IV.**
**Count Two - Breath of Fiduciary Duty**
**(Against Defendant Liberty Mutual)[1]**

47-55. The allegations contained in Paragraphs 47-55 of the Complaint are the subject of Defendants' Motion to Partially Dismiss, filed contemporaneously with this pleading.

Defendants deny all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Liberty Life is subject, in whole or in part, to an offset pursuant to the terms of the Policy, which requires offset and/or repayment of Plaintiff's receipt of other income or benefits, including but not limited to income earned by

[1] As stated in Paragraph 8 of the Complaint, Defendant understands that all references to "Liberty Mutual" in the Complaint are meant to refer to Defendant Liberty Life Assurance Company of Boston. However, to the extent that any allegation in the Complaint is meant to refer to Liberty Mutual Insurance, which is a wholly separate entity, Defendants deny that Liberty Mutual Insurance is a proper party to this lawsuit.

Plaintiff and the disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the LTD Policy or statutory limitations period.

6. Defendants reserve the right to assert additional defenses.

## PRAYER

Defendants request that the Court enter judgment that Plaintiff recover nothing by this action, that Defendants be awarded their attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Defendants be awarded such other and further relief to which they may show themselves entitled.

Dated this 29th day of January 2019.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
Texas Bar No. 16452560

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Christine A. Hopkins
Email: christine@tremainartaza.com

January 29, 2019 — Date

/s/ Iwana Rademaekers
Iwana Rademaekers