**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MARISABEL BELLO** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:19-cv-00004-M** |
| | § | |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; WELLS FARGO & COMPANY'S LONG-TERM DISABILITY BENEFITS PLAN,** | § | |
| | § | |
| **Defendants.** | § | |

**JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER**

Pursuant to the Court's Order dated February 8, 2019, Federal Rule of Civil Procedure 16(b), and Federal Rule of Civil Procedure 26(f), Plaintiff Marisabel Bello and Defendants Liberty Life Assurance Company of Boston and Wells Fargo & Company's Long-Term Disability Benefits Plan (together, the "Parties") file this Joint Report Regarding Contents of Scheduling Order.

1. **A brief statement of the claims and defenses.**

Plaintiff Marisabel Bello brought this ERISA case to recover long-term disability benefits, equitable relief, and attorney fees/costs from Defendants Liberty Life Assurance Company of Boston ("Liberty Life") and Wells Fargo & Company's Long-Term Disability Benefits Plan.

**Plaintiff:** Plaintiff asserts that a *de novo* standard of review should apply to her claim for long-term disability benefits as the long-term disability plan at issue contains a Minnesota choice of law provision, Minnesota law bans discretionary clauses in ERISA disability plans (*See M.S.A. § 60A.42)*, and the plan states that any of its provisions inconsistent with applicable state law will

be reformed to conform with applicable state law.

Plaintiff asserts that she is due long-term disability benefits from Defendants at a rate of 50% of her Wells Fargo & Company salary from June 5, 2016 through present and continuing through to May 10, 2041, Plaintiff's 67th birthday. The Social Security Administration ("SSA") has already found Plaintiff to be totally disabled, and, due to Defendants' failure to pay Plaintiff the private disability benefits owed to her, SSA pays Plaintiff a minimal income-based Supplemental Security Income benefits on a monthly basis.

Plaintiff further asserts that Defendants breached their fiduciary duty to Plaintiff by violating a number of ERISA regulations designed to protect Plaintiff from unfair claims handling procedures. Defendants' breaches of fiduciary duty included failing to timely provide Plaintiff a long-term disability benefits application and thus failing to provide Plaintiff a prompt claims-handling process, failing to consider all documents and information provided by Plaintiff in support of her long-term disability claim, and imposing on Plaintiff requirements different and stricter than the actual plan provisions without notifying Plaintiff of the use or application of any unwritten internal rules in the denial of her claim and claims appeal. Plaintiff thus seeks *Cigna v. Amara*-style equitable relief in the form of reformation, estoppel, surcharge, and/or a remand of her claim to Defendants that requires Defendants to comply with the plan provisions as written and all ERISA claims handling requirements.

**Defendants:** Defendants deny that the claim decision is to be reviewed de novo, as the policy was issued prior to the effective date of the Minnesota law cited by Plaintiff. Defendant also have moved to dismiss Plaintiff's Section 1132(a)(3) breach of fiduciary duty claim, as it is not permitted under established Fifth Circuit law in light of Plaintiff's claim for recovery of benefits under Section 1132(a)(1)(B). Additionally, Plaintiff cannot recover from Defendants

because the decisions made on Plaintiff's claim for benefits were not an abuse of discretion based on the administrative record for the claim and the relevant policy. Alternatively, any recovery by Plaintiff must be reduced by other income earned by Plaintiff, including income from the Social Security Administration.

**2. A proposed time limit to file motions for leave to join other parties.**

The parties propose a deadline of March 30, 2019 to join any other parties.

**3. A proposed time limit to amend the pleadings.**

The parties propose a deadline of April 8, 2019 to amend the pleadings.

**4. A proposed time limit to file motions, including dispositive motions.**

In light of the nature of Plaintiff's ERISA claims, the parties propose that the Court adopt a briefing schedule for submission of this case to the Court in lieu of setting a deadline for dispositive motions. The parties propose May 1, 2019 as the deadline for the filing of any motions under any other Federal Rules of Civil Procedure.

**5. A proposed time limit for initial designation of experts.**

The parties will not be designating any expert witnesses in this ERISA disability benefits case.

**6. A proposed time limit for responsive designation of experts.**

The parties will not be designating any expert witnesses in this ERISA disability benefits case.

**7. A proposed time limit for objections to experts.**

The parties will not be designating any expert witnesses in this ERISA disability benefits case.

**8. A proposed plan and schedule for discovery, subjects on which discovery is needed, time limits for discovery, and focus/phasing of discovery.**

Plaintiff intends to propound written discovery and take the deposition of the claims manager as permitted by applicable law, including to provide the Court with any necessary medical opinions on medical procedures and terms at issue in the claims records, and to explore the issues of the completeness of the administrative record, defendants' interpretation of applicable plan provisions in all claims and cases, defendants' compliance with the procedural requirements of ERISA, and any conflicts of interest inherent in the defendant's role as administrator. *See Crosby v. Louisiana Health Service and Indemnity Co.*, 647 F.3d 258, 263 (5th Cir. 2011).

Defendants assert that any such discovery pertaining to a discretionary review by the Court of Liberty's decision must be narrowly tailored and within the subjects permitted by *Crosby*.

The parties propose that the discovery cut off deadline including the deadline to file any motions to compel will be May 1, 2019.

**9. Any changes to discovery limitations.**

The parties agree that there will be no expert discovery in this case, and fact discovery will be limited to the discovery allowed by the 5th Circuit in ERISA cases.

**10. Proposed means for disclosures or discovery of ESI.**

The parties do not anticipate exchanging any ESI, but if ESI discovery becomes necessary the parties agree to exchange ESI in searchable PDF format on a burned DVD or USB drive.

**11. Any proposals regarding the handling and protection of privileged or trial-preparation material.**

None. As the parties will need to submit Plaintiff's medical records along with the briefing to the Court, the parties will comply with all redaction rules and, for purposes of ensuring the security of Plaintiff's identity, will also ensure none of the e-filed records contain the Plaintiff's SSN, date of birth, or residential address.

**12. A proposed trial date, estimated number of days required for trial, and whether a jury has been demanded.**

ERISA does not allow for jury trials, and the Court's review of an ERISA benefits determination is analogous to a review of an administrative agency's decision. Therefore, the parties propose that in lieu of a bench trial, the Court decide this matter based on briefing submitted by the parties, the administrative claims record, and any information developed during appropriate ERISA-based discovery.

The parties propose the following briefing schedule:

(1) June 3, 2019: Deadline for the parties to file a Joint Stipulation containing the administrative claims record and applicable plan documents, and setting forth any disagreement between the parties regarding the contents of the same;

(2) June 24, 2019: Deadline for Plaintiff's Opening Brief (not to exceed 50 pages).

(3) July 15, 2019: Deadline for Defendants' opposition brief (not to exceed 50 pages)

(4) July 22, 2019: Deadline for Plaintiff's reply brief (nor to exceed 20 pages).

The matter shall then be deemed submitted to the Court for appropriate determination.

**13. A proposed date for further settlement negotiations.**

Plaintiff and Defendants will discuss an early resolution of this matter prior to the proposed discovery deadline of May 1, 2019.

**14. Objections to FRCP 26(a)(1) or other proposed modifications to FRCP 26(a)(1) and when disclosures were or will be made.**

The parties propose modifying the FRCP 26(a) disclosure procedures in this ERISA case such that Defendants will produce their FRCP 26(a) disclosures along with a complete copy of the administrative record to Plaintiff first on March 20, 2019 and that Plaintiff will then make FRCP

26(a) disclosures to Defendant identifying any objections or proposed additions to the administrative record on April 8, 2019.

**15. Whether the parties will consent to trial before U.S. Magistrate Judge Rebecca Rutherford.**

The parties do not both consent to trial by Magistrate**.**

**16. Whether the parties are considering mediation or arbitration.**

At this time, the parties have not yet determined whether a private mediation or a settlement conference before a Magistrate Judge will be either necessary or appropriate. If informal settlement discussions are not successful in resolving the action, the parties will revisit the issue and advise the Court of any agreement reached regarding use of an ADR process.

**17. Any other proposals regarding scheduling and discovery.**

None.

**18. Whether a conference with the Court is desired.**

The parties do not request a conference with the Court at this time.

**19. Any other matters relevant to the status and disposition of this case.**

None.

Submitted this 27th day of February, 2019.

Respectfully submitted,

*/s/ Christine A. Hopkins*
Christine A. Hopkins
Texas State Bar No. 24095768
TREMAIN ARTAZA, PLLC
13140 Coit Rd, #104
Dallas, TX 75240
christine@tremainartaza.com
Telephone: 469-573-0297
Facsimile: 214-254-4941

**ATTORNEY FOR PLAINTIFF**

By: */s/ Iwana Rademaekers*
Iwana Rademaekers
State Bar of Texas No. 16452560

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

On February 27, 2019, I hereby certify that I have served all counsel and/or *pro se* parties of record by ECF, by mailing a copy of this document to them, or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

*/s/ Christine A. Hopkins*
Christine A. Hopkins