**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MARISABEL BELLO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 3:19-cv-00004-M** |
| | § | |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; WELLS FARGO & COMPANY'S LONG-TERM DISABILITY BENEFITS PLAN** | § | |
| | § | |
| **Defendants.** | § | |

**BRIEF IN SUPPORT DEFENDANTS' MOTION TO
PARTIALLY DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure Defendants Liberty Life Assurance Company of Boston ("Liberty Life") and Wells Fargo & Company's Long-Term Disability Benefits Plan ("the LTD Plan") (collectively "Defendants") file this Brief in Support Defendants' Motion to Partially Dismiss Plaintiff's Amended Complaint.

## I.
## GROUNDS FOR THE MOTION

In Plaintiff's Amended Complaint (the "Complaint"), Plaintiff brings a claim pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") for recovery of disability benefits under 29 U.S.C. § 1132(a)(1). Plaintiff also brings a claim for breach of fiduciary duty, presumably under 29 U.S.C. § 1132(a)(3).[1] However, the allegations pled in the Complaint in support of Plaintiff's claim for breach of fiduciary duty, even if taken as true,[2] are insufficient to

---

1 Complaint at ¶¶ 47-56.

2 For the purposes of the Motion to Partially Dismiss, the Court must assume the facts alleged by Plaintiff in the Complaint to be true. However, Defendants do not admit the truthfulness or accuracy of any factual allegation contained in the Complaint by filing this Motion and Brief or by any statement contained therein.

support the relief requested by Plaintiff. Specifically, in the Complaint, Plaintiff seeks recovery of disability benefits from Defendants under ERISA. Plaintiff also brings a claim for breach of fiduciary duty and seeks equitable relief in the Complaint presumably under 29 U.S.C. § 1132(a)(3). However, Plaintiff's § 1132(a)(3) claim for equitable relief against Defendants fails because, based on the face of the Complaint, Plaintiff has adequate redress under her claim for recovery of benefits pursuant to § 1132(a)(1)(B).

## II.
## ARGUMENT AND AUTHORITIES

### A. THE STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a Petition for failure to state a claim upon which relief can be granted.[3] A court should dismiss a claim if it finds that the facts pled do not support a claim for relief, even assuming the allegations as pled are true.[4] Furthermore, in order to avoid dismissal, a party must plead sufficient information to outline the basis of its claim.[5] Plaintiff has failed to meet this burden with regard to the ERISA claim for breach of fiduciary duty and equitable relief under 29 U.S.C. § 1132(a)(3), and this claim must be dismissed from this action.

### B. SECTION 1132(a)(3) CLAIM FOR EQUITABLE RELIEF

In her Complaint, Plaintiff seeks recovery of long term disability benefits from Defendants in this action.[6] However, the Complaint also contains Plaintiff's claim against

---

3 Fed. R. Civ. P. 12(b)(6).

4 E.g., Ledesma v. Dillard Dep't Stores, Inc., 818 F. Supp. 983, 984 (N.D. Tex. 1993).

5 Fernandez-Montez v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)(requiring a court to take factual allegations of the Petition as true, but to disregard conclusory allegations or legal conclusions masquerading as factual conclusions); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994) (holding that, in order to avoid dismissal for failure to state a claim, the Plaintiff must plead specific facts, not more conclusory allegations)(citation omitted).

6 Complaint at ¶ 46.

Liberty Life for breach of fiduciary duty and equitable relief[7] presumably under 29 U.S.C. § 1132(a)(3).[8] This claim for breach of fiduciary duty is precluded by virtue of the availability to Plaintiff of her claim for recovery of benefits pursuant to § 1132(a)(1)(B), for which Plaintiff has pled in the Complaint.[9]

The United States Supreme Court has recognized that claims for fiduciary duty and equitable relief may be brought under § 1132(a)(3). Varity Corp. v. Howe, 516 U.S. 489 (1996). However, the Supreme Court has specifically held that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief . . ." Varity, 516 U.S. at 515. As amplified by the Fifth Circuit in Tolson v. Avondale Indus. Inc., 141 F.3d 604, 610 (5th Cir. 1998), a participant cannot dress up an ERISA denial of benefits action under 29 U.S.C. § 1132(a)(1)(B) as an § 1132(a)(3) breach of fiduciary duty claim. Even if the participant will not prevail on a § 1132(a)(1)(B) denial of benefits claim, this does not make a § 1132(a)(3) breach of fiduciary duty claim for equitable relief viable. Tolson, 141 F.3d at 610. "Accordingly, because § 1132(a)(1)(B) affords [Plaintiff] an avenue for legal redress, she may not simultaneously maintain her claim for breach of fiduciary duty." Rhorer v. Raytheon Engineers and Constructors, Inc., 181 F.3d 634, 639 (5th Cir. 1999). See also Bratton v. National Union Fire Ins. Co. of Pittsburgh, PA, 215 F.3d 516, 527 (5th Cir. 2000). Metropolitan Life Ins. Co. v. Palmer, 238 F.Supp.2d 826, 830 (E.D. Tex. 2002); Constantine v. American Airlines Pension Benefit Plan, 162 F.Supp.2d 522, 557-558 (N.D. Tex. 2001). "It is settled law in this circuit that a potential beneficiary may not sue for breach of fiduciary duty if he has a pending claim under section 1132(a)(1)(B) for benefits allegedly owed." Metropolitan

---

7 Complaint at ¶ 47 and 55.

8 A claim for breach of fiduciary duty and equitable relief under ERISA are only available pursuant to 29 U.S.C. § 1132(a)(3). Varity Corp. v. Howe, 516 U.S. 489 (1996).

9 Plaintiff specifically references 29 U.S.C. § 1132(a)(1)(B) in the Complaint at ¶ 46.

Life Ins. Co v. Palmer, 238 F.Supp.2d 826, 830 (E.D.Tex.2002) (citing Tolson v. Avondale Indus., Inc., 141 F.3d 604, 610 (5th Cir.1998)).

> An ERISA plaintiff may sue for breach of fiduciary duty only where there is no other available ERISA remedy. *Varity Corp*. *v*. *Howe*, 516 U.S. 489, 512 (1996) (holding that § 502(a)(3) is a "catchall remedial section" that "[a]cts as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy."). In *Tolson v. Avondale Industries, Inc.*, the Fifth Circuit, agreeing with the district court, held that because a plaintiff had adequate redress under § 502(a)(1)(B), a claim for breach of fiduciary duty under § 502(a)(3) was inappropriate, even though the plaintiff did not prevail on his § 502(a)(1)(B) claim. *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998); . . .

Tex. Gen. Hosp., LP v. United Healthcare Servs., Inc., CA 3:15-CV-02096-M (N.D. Tex. Jun. 28, 2016) (copy attached). Accordingly, this Court should dismiss Plaintiff's claims for breach of fiduciary duty and equitable relief and Paragraphs 47-56 of the Complaint.

## III.
## REQUEST FOR RELIEF

Defendants request the Court enter an Order that Plaintiff's claim shall proceed as claims under 29 U.S.C. § 1132(a)(1)(B) and that Plaintiff's claim for breach of fiduciary duty, equitable relief, and all other claims under 29 U.S.C. § 1132(a)(3) be dismissed with prejudice; award Defendants attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and grant it any other relief to which it shows itself justly entitled.

Dated this 28th day of February 2019.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
Texas Bar No. 16452560

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Christine A. Hopkins
Email: christine@tremainartaza.com

February 28, 2019
Date

/s/ Iwana Rademaekers
Iwana Rademaekers