**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MARISABEL BELLO** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:19-cv-00004-M** |
| | § | |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; WELLS FARGO & COMPANY'S LONG-TERM DISABILITY BENEFITS PLAN,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff Marisabel Bello hereby files this Response and Brief in Opposition to Defendants' Motion to Partially Dismiss Plaintiff's Amended Complaint which Defendants filed on February 28, 2019 (ECF Doc #s 14 & 15).

## TABLE OF CONTENTS


I. Plaintiff's Response to "The Grounds of the Motion"……………………………….…..1

II. Plaintiff's Request for Relief……………………………………………………….…2

III. Brief in Opposition to the Partial Motion to Dismiss Plaintiff's Alternate Breach of Fiduciary Duty Claim……..……………………………………………….…2

A. Legal Argument…………………………………………………………………..2

i. Case Law Supporting Alternative Pleadings in Direct ERISA Beneficiary Cases……………………………………………………………3

ii. This Court May Later Find Plaintiff's Legitimate Alternative Request for Equitable Relief the Only Means of Granting Plaintiff Redress….…...9

IV. Conclusion……………………………………………………………...……………14


## TABLE OF AUTHORITIES

Cases


*Cigna Corp. v. Amara.* 563 U.S. 421 (2011)…………………………………..………………….2

*Currier v. Entergy Corp. Employee Benefits Comm.*, No. CV 16-2793, 2016 WL 6024531 (E.D. La. Oct. 14, 2016)……………………………………………………...6-7

*Gilmour v. Humana Health Plan of Texas, Inc.*, No. 3:17-CV-00179, 2018 WL 2945628 (S.D. Tex. May 18, 2018*), report and recommendation adopted*, No. 3:17-CV-00179, 2018 WL 2938910 (S.D. Tex. June 12, 2018)……………………………….8

*McDowell v. Mercedes-Benz USA, LLC Pension Plan*, No. 3:16-CV-2096-L, 2017 WL 4351246 (N.D. Tex. Sept. 30, 2017)…………………………………………………...3, 7

*Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 962 (9th Cir. 2016), *as amended on denial of reh'g and reh'g en banc* (Aug. 18, 2016)……………………………9 (fn 1)

*New York State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, 798 F.3d 125 (2d Cir. 2015)…9 (fn 1)

*N. Cypress Med. Ctr. Operating Co. v. CIGNA Healthcare*, 782 F. Supp. 2d 294, 309 (S.D. Tex. 2011), *aff'd sub nom. N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182 (5th Cir. 2015)……….5

*Peterson v. Liberty Life Assurance Co. of Bos.*, No. 1:15-CV-00204-SA-DAS, 2016 WL 3849693 (N.D. Miss. July 13, 2016)……….6

*Silva v. Metro. Life Ins. Co.*, 762 F.3d 711 (8th Cir. 2014)……….9 (fn 1)

*Tex. Gen. Hosp. v. United Healthcare Services, Inc.*, 2016 WL 3541828(N.D. Tex. June 28, 2016)……….2, 3

*Thomason v. Metro. Life Ins. Co.*, No. 3:14-CV-0086-P, 2014 WL 12730499 (N.D. Tex. Aug. 27, 2014)……….3, 5

*Thomason v. Metro. Life Ins. Co.*, 165 F. Supp. 3d 512 (N.D. Tex. 2016), aff'd, 703 F. App'x 247 (5th Cir. 2017)……….3, 5

*Whitley v. Dr Pepper Snapple Grp., Inc.*, No. 4:17-CV-0047, 2017 WL 4155257 (E.D. Tex. Sept. 19, 2017)……….7

Regulations

29 C.F.R. 2560.503-1(g)(v)……….11

## I. PLAINTIFF'S RESPONSE TO THE "GROUNDS FOR THE MOTION

Defendants seek to dismiss Plaintiff's breach of fiduciary duty claim under Rule 12(b)(6). Defendants assert that Plaintiff cannot bring both a claim for unpaid ERISA benefits and a claim for breach of fiduciary duty as a matter of law. The United States Supreme Court, however, approved of the practice of ERISA plaintiffs bringing both benefits and breach of fiduciary duty claims in C*igna Corp. v. Amara.* 563 U.S. 421, 435-38 (2011).

In *Amara,* the District Court found a pension plan had failed to give retirees ERISA-required notices regarding changes to the plan. *Id.* The U.S. Supreme Court held that if the plaintiff-retirees had only brought an ERISA section 502(a)(1)(B) claim for benefits, the District Court would be restricted to either granting or denying benefits under the plan terms. *Id.* The U.S. Supreme Court, however, approved of the District Court granting the plaintiff-retirees alternative equitable relief that the plaintiff-retirees had simultaneously sought alongside the section 502(a)(1)(B) benefits claim through an alternative breach of fiduciary duty section 501(a)(3) claim. *Id.* Specifically, the U.S. Supreme Court remanded the ERISA case to the District Court to determine the form that equitable relief could take in light of whether or not the plaintiff-retirees had proven detrimental reliance, which was required to obtain relief in the form of estoppel but not in the form of reformation or surcharge. *Id.*

The U.S. Supreme Court in *Amara* had the opportunity to hold that the plaintiffs' section 502(a)(1)(B) was their exclusive remedy, and that the District Court's only option was to grant or deny benefits under the plan terms, but instead the U.S. Supreme Court honored the plaintiffs' still living, alternative pleading of a breach of fiduciary duty claim and expressly permitted the District Court to grant the plaintiff-retirees' equitable relief under that alternative claim. *Id.*

Plaintiff respectfully requests that the Court adopt the post-*Amara* rule espoused by other U.S. District Courts in the 5th Circuit and by three other Circuit Courts of Appeal that individual ERISA plaintiffs can now alternatively plead both a claim for benefits and a claim for breach of fiduciary duty when it is unclear whether the claim for benefits will provide the District Court the ability to grant the plaintiff an adequate remedy, or, whether, as in *Amara*, it will be necessary for the District Court to have a live breach of fiduciary duty claim before it to grant the plaintiff equitable, as opposed to legal, relief. Under this post-*Amara* rule, Plaintiff Marisabel Bello's First Amended Complaint appropriately and adequately states an alternate claim for breach of fiduciary duty.

## I. PLAINTIFF'S REQUEST FOR RELIEF

Plaintiff requests that the Court deny Defendant's partial motion to dismiss in its entirety and allow Plaintiff to proceed with her breach of fiduciary duty claim until such time as the Court determine whether it can grant Plaintiff legal relief without also or alternatively granting Plaintiff the type of equitable relief that attaches only to Plaintiff's breach of fiduciary duty claim.

## II. PLAINTIFF'S BRIEF IN OPPOSITION TO THE PARTIAL MOTION TO DISMISS HER ALTERNATIVE BREACH OF FIDUCIARY DUTY CLAIM

### A. LEGAL ARGUMENT

In support of its partial motion to dismiss Ms. Bello's breach of fiduciary duty claim, Defendant has cited to a 2016 opinion issued by this Court in which the Honorable Judge Barbara Lynn reviewed multiple issues surrounding the assignment of ERISA claims to non-ERISA beneficiaries. *See Tex. Gen. Hosp. v. United Healthcare Services, Inc.*, 2016 WL 3541828 at 9 (N.D. Tex. June 28, 2016). This Court held the assignment did not give the non-ERISA beneficiaries standing to bring a breach of fiduciary duty claim, and alternatively held that the

assignees could not bring both a benefits claim and a breach of fiduciary duty claim simultaneously, citing in support of this alternative ruling both pre-*Amara* U.S. Supreme Court & 5th Circuit case law and post-*Amara* District Court case law. *Id.* Ample justification exists, however, for the Court to change its legal position on this matter in direct ERISA beneficiary cases in general and in this case in particular.

### i. CASE LAW SUPPORTING ALTERNATIVE PLEADING IN DIRECT ERISA BENEFICIARY CASES

There is no rule of law or procedure that binds this Court to apply the alternative pleading rationale it used in to alternatively justify dismissing a breach of fiduciary duty claim the plaintiffs in the *United Healthcare Services* case had no standing to bring in the first place. Earlier and later Northern District of Texas rulings by different Northern District of Texas judges have adopted the approach urged by Plaintiff here—an approach that permits ERISA beneficiaries to plead alternative claims for both legal and equitable relief—as have many other U.S. District Court judges sitting in the same Circuit Court of Appeals. *See* Exhibit A, *Thomason v. Metro. Life Ins. Co.*, No. 3:14-CV-0086-P, 2014 WL 12730499, at *2 (N.D. Tex. Aug. 27, 2014) (Judge Jorge A. Solis denying a motion to dismiss a breach of fiduciary duty claim plead in the alternative to an ERSIA benefits claim), *later consistent ruling issued at Thomason v. Metro. Life Ins. Co.*, 165 F. Supp. 3d 512, 523 (N.D. Tex. 2016) (granting an ERISA plaintiff summary judgment on a benefits and breach of fiduciary duty claim involving ambiguous plan language), aff'd, 703 F. App'x 247 (5th Cir. 2017); *See* Exhibit B, *McDowell v. Mercedes-Benz USA, LLC Pension Plan*, No. 3:16-CV-2096-L, 2017 WL 4351246, at *5-6 (N.D. Tex. Sept. 30, 2017) (Judge Sam A. Lindsay permitting an ERISA plaintiff to produce with both a 502(a)(1)(B) claim for benefits and a 502(a)(3) claim for breach of fiduciary duty and estoppel); *See, infra* at Table 1 beginning at p. 5.

The justifications for this Court to align its legal position on alternative ERISA pleadings for legal vs. equitable relief with the rulings of Judge Solis, Judge Lindsay, and other U.S. District Court judges are numerous.

First, in the *United Healthcare Services* case that was before this Court back in June of 2016, the plaintiffs never put forth any legal argument to support their pursuit of dual-track benefits and breach of fiduciary duty claims, nor did the Plaintiffs cite to or discuss the impact of *Amara* on this legal issue in their opposition to the Defendants' Rule 12(b)(6) motion. See Exhibit C, Plaintiff's Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint in Case No. 3:5-cv-02096-M. The plaintiffs instead focused on the myriad of other attacks on their pleadings, including their standing to bring any ERISA claims at all, such that when the Court included a brief alternative ruling stating the plaintiffs could not pursue both claims, the Court decided the issue both without the benefit of the plaintiffs' briefing the impact of the U.S. Supreme Court's holding in *Amara* on the viability of alternative ERISA pleadings and, because the *United Healthcare Services* case did not present such a scenario, without the benefit of fully considering how, as illustrated by *Amara*, the automatic dismissal of breach of fiduciary duty claims in an individual beneficiary's disability benefit case (as opposed to a case involved sophisticated assignee) could preclude an individual beneficiary's ability from obtaining equitable redress that otherwise would have been available to him or her.

Second, since this Court's 2016 *United Healthcare Services* ruling, the number of U.S. District Courts in the 5th Circuit that allow ERISA plaintiffs to simultaneously and alternatively pursue both benefits and fiduciary duty claims has risen from two post-*Amara* rulings—which notably include a 2011 Southern District of Texas ruling affirmed by the 5th Circuit Court of Appeals in 2015 and a 2014 Northern District of Texas ruling later affirmed by the 5th Circuit

Court of Appeals in 2017 —to seven total post-*Amara* rulings—which notably include a 2016 Northern District of Mississippi ruling in a single Plaintiff ERISA benefits case involving the same Defendant (Liberty Life Assurance Company of Boston), and same defense counsel (the Law Offices of Iwana Rademaekers), as in this case:

---

**<u>TABLE 1</u>**

- *N. Cypress Med. Ctr. Operating Co. v. CIGNA Healthcare*, 782 F. Supp. 2d 294, 309 (S.D. Tex. 2011), *aff'd sub nom. N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182 (5th Cir. 2015) (citations omitted)

**S.D. TEX. 2011**

"This Court agrees with the more expansive approach taken by many courts, which allows plaintiffs to simultaneously plead claims under several subsections of Section 502(a)…This rule allows plaintiffs time to develop their trial strategy and preserve alternative grounds for relief until a later stage in the litigation. Indeed, in the event that North Cypress' claim under § 502(a)(1)(B) proves not to be viable, it should be permitted to rely on § 502(a)(3) as a 'safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy.'"

- *Thomason v. Metro. Life Ins. Co.*, No. 3:14-CV-0086-P, 2014 WL 12730499, at *2 (N.D. Tex. Aug. 27, 2014) (citations omitted), *later consistent ruling issued at Thomason v. Metro. Life Ins. Co.*, 165 F. Supp. 3d 512, 523 (N.D. Tex. 2016), aff'd, 703 F. App'x 247 (5th Cir. 2017) (See <u>Exhibit A</u>):

**N.D. TEX. 2014**

"While the Court recognizes that courts have disagreed whether simultaneous pleading of both § 1132(a)(1)(B) and § 1132(a)(3) is permissible, the Court 'agrees with the more expansive approach taken by many courts, which allows plaintiffs to simultaneously plead claims under several subsections of [§ 1132(a)(3)],' thereby permitting 'plaintiffs

time to develop their trial strategy and preserve alternative grounds for relief until a later stage in the litigation.'"

- *Peterson v. Liberty Life Assurance Co. of Bos.*, No. 1:15-CV-00204-SA-DAS, 2016 WL 3849693, at *3 (N.D. Miss. July 13, 2016) (citations omitted) (See Exhibit D):

"Had the district court in *Amara* dismissed the breach of fiduciary duty claim at the pleading stage based on the mere presence of the legal claim for benefits, the equitable relief sanctioned by the Supreme Court would not have been available. Thus, the outcome Defendant seeks here would be inconsistent with the practice in *Amara*."

N.D. MISS. 2016

…

"Further supporting the more expansive approach are the federal pleading rules. Though Peterson may not succeed on claims for both legal and equitable relief, he "may state as many separate claims or defenses as [he] has, regardless of consistency."

….

"In view of the available case-law and the rules governing federal court practice, the Court chooses to apply the more expansive approach to simultaneous pleadings of Section 502(a)(1)(B) and 502(a)(3) claims. Thus, Peterson may go forward on both of his claims at this early phase."

- *Currier v. Entergy Corp. Employee Benefits Comm.*, No. CV 16-2793, 2016 WL 6024531, at *5 (E.D. La. Oct. 14, 2016) (citations omitted) (See Exhibit E):

"This Court agrees with the *Peterson* court that a plaintiff can simultaneously plead claims under several subsections of Section 502(a) and 'have time to develop [her] trial

**E.D. LA. 2016**

strategy and preserve alternative grounds for relief until a later stage in the litigation.' This result is compelled by the Supreme Court's *Amara* decision. 'Had the district court in *Amara* dismissed the breach of fiduciary duty claim at the pleading stage based on the mere presence of the legal claim for benefits, the equitable relief sanctioned by the Supreme Court would not have been available.' At least where there is a possibility that equitable relief may be necessary to make the plaintiff whole, dismissal of the plaintiff's Section 502(a)(3) claim is inappropriate post-*Amara*."

**E.D. TEX. 2017**

- *Whitley v. Dr Pepper Snapple Grp., Inc.*, No. 4:17-CV-0047, 2017 WL 4155257, at *3 (E.D. Tex. Sept. 19, 2017) (See Exhibit F):

"Before a court dismisses a plaintiff's fiduciary claims as disguised benefit claims, factual development is necessary. *Galvan v. SBC Pension Benefit Plan*, 204 Fed.Appx. 335, 338 (5th Cir. 2006). Because factual development is necessary, dismissal of such claims is premature at the motion to dismiss stage. *Id.* at 338-39."

**N.D. TEX. 2017**

- *McDowell v. Mercedes-Benz USA, LLC Pension Plan*, No. 3:16-CV-2096-L, 2017 WL 4351246, at *5 (N.D. Tex. Sept. 30, 2017) (See Exhibit B):

Finding both that "Plaintiff has set forth sufficient facts to show she qualifies for benefits under the Plan" and that "Plaintiff has set forth facts from which a court could reasonably infer that Defendant would be liable for a claim under § 502(a)(3)…For the reasons herein stated, the court denies Defendant's Motion to Dismiss First Amended Complaint Pursuant to F.R.C.P. 12(b)(6)."

- *Gilmour v. Humana Health Plan of Texas, Inc.*, No. 3:17-CV-00179, 2018 WL 2945628, at *4 (S.D. Tex. May 18, 2018*), report and recommendation adopted*, No. 3:17-CV-00179, 2018 WL 2938910 (S.D. Tex. June 12, 2018) (citations omitted) (See Exhibit G):

**S.D. TEX. 2018**

"The Supreme Court's *Amara* decision expressly endorses the practice of pleading these causes of action in the alternative in the early stages of litigation, given the evolving nature of litigation and the uncertainty about what relief, in the end, will actually be granted. '[I]n an abundance of caution to provide plaintiffs all the process to which they are due,' this Court finds that Victory should be permitted to plead its 'claims for unpaid benefits under [Section 502(a)(1)(B)], and for equitable remedies under [Section 502(a)(3) ], in the alternative.'. . . If this Court dismisses the Section 502(a)(3) claims now, Victory could be left without a viable remedy at trial despite having pled at the outset of the case claims for breach of breach of fiduciary duty and procedural violations under Section 502(a)(3). This is not an outcome the law should encourage."

---

Third, the logic underpinning the rulings favoring alternative pleadings of legal and equitable relief in ERISA cases is persuasive: namely, (i) that *Amara*, a U.S. Supreme Court decision, controls over any contrary 5th Circuit rulings, (ii) that District Courts typically cannot discern at the motion to dismiss stage whether redress will be available to the plaintiff legally under a benefits theory or equitably under a breach of fiduciary theory, (iii) that palpable injustice can result from District Courts dismissing breach of fiduciary duty claims and thus precluding themselves from granting the type of equitable relief that the District Courts, the 5th Circuit Court of Appeals, or the U.S. Supreme Court may later determine is necessary or appropriate, (iv) that the Federal pleading rules encourage and allow plaintiffs to pursue alternative legal theories, and (v) that, at the end of an ERISA case,

duplicate recovery remains barred thus preventing any substantive harm to Defendants from the practice of allowing ERISA plaintiffs to pursue alternate theories of recovery.

Three Circuit Courts of Appeal have also acknowledged controlling nature of *Amara*'s explicit approval of alternative ERISA pleadings and the eminent reasonability of allowing the factual development of alternative section 502(a)(1)(B) and section 502(a)(3) pleadings.[1]

Lastly, while it is true that ERISA defendants will continue to get different results in different U.S District Courts sitting in the 5th Circuit regardless of how this Court rules, if the Court stands by and finds no exception to its prior *United Healthcare Services* ruling, the defendant in this case, Liberty Life Assurance Company of Boston, will obtain a different and more defense-oriented result from the Northern District of Texas in this ERISA case than it did from the Northern District of Mississippi on the very same legal issue. This brings into stark relief the uneven access to justice that individual ERISA benefits can obtain depending on where they live within the 5th Circuit.

---

[1] *Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 962 (9th Cir. 2016), as amended on *denial of reh'g and reh'g en banc* (Aug. 18, 2016) (citations omitted) ("Some of our pre-*Amara* cases held that litigants may not seek equitable remedies under § 1132(a)(3) if § 1132(a)(1)(B) provides adequate relief. However, those cases are now "clearly irreconcilable" with *Amara* and are no longer binding.); *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 727–28 (8th Cir. 2014) ("[W]e believe *Varity* only bars duplicate recovery and does not address pleading alternate theories of liability. Under § 1132(a)(1)(B), Silva is arguing that the insurance policy was valid and that Abel's failure to provide evidence of insurability does not alter the validity of the policy. In the alternative, under § 1132(a)(3), Silva is arguing that if Abel's policy was never validly approved and therefore did not go into effect due to the missing Statement of Health form, MetLife and Savvis are still liable to him due to fiduciary misconduct. These arguments assert different theories of liability. Because these claims are based on alternative legal bases for relief, Silva may plead both."); *New York State Psychiatric Ass'n, Inc. v. UnitedHealth Grp.*, 798 F.3d 125, 134 (2d Cir. 2015) ("Here, Denbo's § 502(a)(3) claims are for breach of fiduciary duty, he has not yet succeeded on his § 502(a)(1)(B) claim, and it is not clear at the motion-to-dismiss stage of the litigation that monetary benefits under § 502(a)(1)(B) alone will provide him a sufficient remedy. In other words, it is too early to tell if his claims under § 502(a)(3) are in effect repackaged claims under § 502(a)(1)(B). We therefore hold that the District Court prematurely dismissed Denbo's claims under § 502(a)(3) on the ground that § 502(a)(1)(B) provides Denbo with adequate relief.")

### B. This Court May Later Find Plaintiff's Legitimate Alternative Request for Equitable Relief the Only Means of Granting Plaintiff Redress

Specific reasons also exist for finding that Plaintiff Marisabel Bello's breach of fiduciary duty claim is not simply a repackaged claim for benefits, but a necessary alternative pleading for equitable relief where relief may not otherwise be available to her. Plaintiff specifically pled in the First Amended Complaint that the relief she is seeking through the breach of fiduciary duty claim is equitable in nature, including:

- "reformation and/or estoppel as to plan terms that would penalize Plaintiff for any delay in submitted her long-term disability benefits claim or in the claims determination process,"
- "reformation and/or estoppel for an[y] internal or written rules or policies applied to Plaintiff's claim that are inconsistent with the plan document," and
- "surcharge, and/or remand of Plaintiff's long-term disability benefits appeal back to Defendants for a new determination consistent with ERISA's requirements."

(See ECF Doc # 10 at Page ID 66, First Amended Complaint).

Plaintiff requests this relief because of her allegations that Defendant breached it fiduciary duty to her by, at ¶ 48, failing to provide her claims forms and otherwise delaying the processing of her claim for benefits, at ¶ 52, violating ERISA regulations that required Defendant to provide her notice of her ERISA statute of limitations and any internal rules, guidelines, or other criterion used to deny her claim, and at ¶ violating ERISA regulations that required Defendant to provide Plaintiff a full and fair review process. (See ECF Doc # 10 at Page ID 65, First Amended Complaint ¶¶ 48-52).

Walking through just one of these examples – the issue of the timeliness of Plaintiff's claim under the policy and the statutory limitations period – demonstrates how the breach of fiduciary duty claim could end up providing Plaintiff the only relief and redress availability.

Defendants have asserted an affirmative defense that Plaintiff's claim was not filed within the policy or statutory limitations period. See ECF Doc # 13 at page ID 85, Defendants' Answer to Plaintiff's Amended Complaint. While Plaintiff alleges she timely filed both her claim under the policy's limitations period and her lawsuit under ERISA's statutory limitations period, if the Court finds that Plaintiff did not do so, the Court would have to deny Plaintiff's section 502(a)(1)(B) claim for benefits. However, if the Court found that any delay by Plaintiff in submitting her claim or filing her lawsuit was the result of Defendants breaching their fiduciary duty to Plaintiff (i.e. Defendant(s) failing to timely provide Plaintiff claims forms or providing Plaintiff erroneous information about the applicable ERISA statute of limitations), a "live" alternative breach of fiduciary duty pleading would allow the Court to grant Plaintiff equitable relief in the form of estopping Defendants from asserting the policy limitations period against Plaintiff or estopping Defendants from asserting a different ERISA statute of limitations applied than the one Defendants set forth in their adverse benefits determination letter.

Similarly, if the Court found the Defendants violated the ERISA regulation found at 29 C.F.R. 2560.503-1(g)(v) by failing to notify Plaintiff during the administrative review process of "an internal rule, guideline, protocol, or other similar criterion" used to deny her claim and that Defendant thus breached its fiduciary duty to provide Plaintiff with a full and fair review process during which she could perfect her claim to respond to such internal rules, the Court could under the section 502(a)(3) claim grant Plaintiff the equitable relief of remanding the claim back to the

Defendant for further administrative review that does comply with ERISA's notice and full and fair review requirements.

In short, Plaintiff is not repackaging her benefits claim as a breach of fiduciary duty claim, but instead alternatively alleging that, if application of the plain language of the plan does provide her complete redress, the Court should find that the Defendant caused her harm in its role as a fiduciary by failing to provide her required claims forms, ERISA notices and otherwise violating ERISA regulations and grant her the very types of equitable relief the U.S. Supreme Court explicitly approved in *Amara*.

**III. CONCLUSION**

Plaintiff respectfully requests that the Court deny Defendants' Rule 12(b)(6) motion and allow Plaintiff to alternatively pursue the legal and equitable relief available to her under ERISA as permitted in *Amara* and the post-*Amara* U.S. District Court opinions cited in Table 1 of this brief and because such alternative pleading is specifically justified by Plaintiff's factual allegation that Defendant committed fiduciary breaches that may require this Court to later grant her the type of equitable relief only available under her section 502(a)(3) breach of fiduciary duty claim.

Dated: March 20, 2019

Respectfully submitted,

TREMAIN ARTAZA PLLC

*/s/ Christine A. Hopkins*
Christine A. Hopkins
Texas State Bar No. 24095768
13140 Coit Road, Ste 104
Dallas, TX 75240
christine@tremainartaza.com
Telephone: 469-573-0297
Facsimile: 214-254-4941

**ATTORNEY FOR PLAINTIFF**