# Exhibit D

2016 WL 3849693
Only the Westlaw citation is currently available.
United States District Court, N.D. Mississippi,
Aberdeen Division.

Walter PETERSON, Plaintiff
v.
LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON, Defendant.

CIVIL ACTION NO. 1:15-CV-00204-SA-DAS
|
Signed 07/13/2016

**Attorneys and Law Firms**

Amanda Hope Meadows, Meadows Law Group, Columbus, MS, David Paul Martin, The Martin Law Group, LLC, Tuscaloosa, AL, for Plaintiff.

Iwana Rademaekers, Law Offices of Iwana Rademaekers, PC, Dallas, TX, Michael B. Pettis, Balch & Bingham, LLP, Gulfport, MS, for Defendant.

ORDER

Sharion Aycock, UNITED STATES DISTRICT JUDGE

***1** Liberty Life Assurance Company of Boston ("Liberty") filed the pending Motion for Partial Dismissal [8] pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the motion, responses, rules, and authorities, and finds as follows:

*Factual and Procedural Background*

Walter Peterson worked for Nucor Corporation in Starkville from 1984 until 2013, when he ceased work due to medical complications following an abdominal surgery. As part of Peterson's employment compensation package, Nucor supplied him with an employee disability insurance plan through Liberty. Due to Peterson's medical issues and leave of absence, Liberty paid long term disability benefits to Peterson beginning in April 2014 and continuing for several months.

In February 2015, Liberty determined that Peterson was able to obtain "Any Occupation" and thus no longer met the eligibility requirements for long term disability benefits. *See* Liberty Plan Doc. at 7, 11 [1-1]. According to the Complaint, the vocational expert commissioned by Liberty to investigate Peterson's disability claim failed to consider some of Peterson's medical records. Peterson alleges that Liberty substantially relied on this allegedly incomplete report in finding he was not disabled, and committed various other procedural infractions during the claims process.

After unsuccessfully obtaining relief via administrative review, Peterson commenced this action against Liberty to recover benefits under ERISA Section 502(a)(1)(B) and for breach of fiduciary duty under Section 502(a)(3). In the pending motion, Liberty contends that Peterson is prohibited from pleading an equitable Section 502(a)(3) breach of fiduciary duty claim, given that he simultaneously seeks legal relief for benefits due under Section 502(a)(1)(B).

*Rule 12(b)(6) Standard*

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007)). A claim is plausible if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. 1937. As a general rule, "when ruling on a Rule 12(b)(6) motion to dismiss, the district court may not look beyond the pleadings." *Hicks v. Lingle*, 370 Fed.Appx. 497, 498 (5th Cir. 2010) (citing *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994)).

Ultimately, the court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 192, 184 L.Ed. 2d 38 (2012), (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). Therefore, the Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand*

WESTLAW © 2019 Thomson Reuters. No claim to original U.S. Government Works. 

*v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009). Still, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937.

*Discussion and Analysis*

***2** ERISA Section 502(a)(1)(B) authorizes Peterson to bring suit for legal relief in order

> to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

Section 502(a)(3) provides a claim for breach of fiduciary duty and allows Peterson to sue for equitable relief, including an action

> to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan ....

In discussing the relationship between these two provisions, the United States Supreme Court stated that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief ...." *Varity Corp. v. Howe*, 516 U.S. 489, 515, 116 S. Ct. 1065, 134 L.Ed. 2d 130 (1996). Expounding upon this language, the Fifth Circuit has held that a plaintiff "may bring a private action for breach of fiduciary duty only when no other remedy is available under [Section 502]." *Rhorer v. Raytheon Engineers & Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999), *abrogated on other grounds by Cigna Corp. v. Amara*, 563 U.S. 421, 436, 131 S. Ct. 1866, 179 L.Ed. 2d 843 (2011); *see also Tolson v. Avondale Industries, Inc.*, 141 F.3d 604, 610-11 (5th Cir. 1998).

In view of these appellate statements, district courts within the Fifth Circuit "disagree whether simultaneous pleading of both § 502(a)(1)(B) and § 502(a)(3) is permissible." *N. Cypress Med. Ctr. Operating Co. v. CIGNA Healthcare*, 782 F. Supp. 2d 294, 309 (S.D. Tex. 2011), *aff'd*, 781 F.3d 182 (5th Cir. 2015).

Under a narrow approach, if a plaintiff seeks *any* relief under Section 502(a), he is "forbidden from also bringing a breach of fiduciary claim[,]" at least where both claims are based on the same underlying facts. *Brown v. Aetna Life Ins. Co.*, 975 F. Supp. 2d 610, 623 (W.D. Tex. 2013); *see also Lopez v. Liberty Life Assur. Co. of Boston*, No. CIV.A. H-13-2460, 2013 WL 5774878, at *4 (S.D. Tex. Oct. 24, 2013) (holding that a "potential remedy under Section 502(a)(1)(B)" precluded plaintiff from seeking relief under section 502(a)(3)'s "catchall provision").

Under a more "expansive approach taken by many courts," Peterson could "simultaneously plead claims under several subsections of Section 502(a)" and have "time to develop [his] trial strategy and preserve alternative grounds for relief until a later stage in the litigation." *N. Cypress*, 782 F. Supp. 2d at 309. For the reasons set forth below, the Court holds that the expansive approach more closely aligns with appellate precedent and federal pleading practice.

Chiefly bearing on the Court's analysis is *Cigna Corp. v. Amara*, 563 U.S. 421, 435-38, 131 S. Ct. 1886, 179 L.Ed. 2d 843 (2011), in which the United States Supreme Court reviewed a district court's decision to award relief under Section 502(a)(1)(B). Finding that the employer failed to give proper notice of changes that would reduce many participants' and beneficiaries' pension benefits, the district court in *Amara* attempted to reform the Plan terms under Section 502(a)(1)(B) to more closely reflect previously issued summary plan descriptions and to rectify the loss of benefits. *Id.* at 433, 131 S. Ct. 1886. The Supreme Court reversed, explaining that Section 502(a)(1)(B) authorizes only legal relief and that the district court's reformation order attempted to grant equitable relief, which is unavailable under that Section. *Id.* at 436, 131 S. Ct. 1886. However, the reformation and other equitable relief would be allowed under Section 502(a)(3) for breach of fiduciary duty, subject to the district

 © 2019 Thomson Reuters. No claim to original U.S. Government Works. 

court's discretion. *Id.* at 438-42, 131 S. Ct. 1886. The Supreme Court remanded for a determination of whether the equitable relief it endorsed was warranted on the case's facts. *Id.* at 446, 131 S. Ct. 1886.

***3** *Amara* illustrates that the line between legal relief and equitable relief is not always boldly drawn, and the legal and factual bases for a plaintiff's claims may come into clearer focus as the litigation proceeds. *See id.*, 131 S. Ct. 1886. Had the district court in *Amara* dismissed the breach of fiduciary duty claim at the pleading stage based on the mere presence of the legal claim for benefits, the equitable relief sanctioned by the Supreme Court would not have been available. Thus, the outcome Defendant seeks here would be inconsistent with the practice in *Amara*.

The Fifth Circuit cases *Tolston* and *Rhorer*, cited by Defendant and decided prior to *Amara*, do not convince the Court otherwise. In *Tolston*, the plaintiff did not succeed on his claim for medical and disability benefits pursuant to Section 502(a)(1)(B). 141 F.3d at 610. Nonetheless, the district court found and the Fifth Circuit agreed that the plaintiff had "adequate redress for [his] claims through his right to bring suit pursuant to [Section 502(a)(1)(B) ]." *Id.* In *Rhorer*, the plaintiff created a genuine issue of material fact on her claim for life insurance benefits under Section 502(a)(1)(B). 181 F.3d at 644-45. Given that Section 502(a)(1)(B) provided "an avenue for legal redress," the Fifth Circuit affirmed dismissal of plaintiff's equitable Section 502(a)(3) claim. *Id.* at 639. Notably, in both cases the Fifth Circuit made its finding of "adequate" Section 502(a)(1)(B) legal relief based on a hindsight review of a fully developed summary judgment record. This is not the case here, where Defendant requests dismissal at the pleading stage.

Further supporting the more expansive approach are the federal pleading rules. Though Peterson may not succeed on claims for both legal and equitable relief, he "may state as many separate claims or defenses as [he] has, regardless of consistency." FED. R. CIV. P. 8(d)(3). If the case moves forward and discovery illuminates additional factual and legal bases for recovery, Peterson may seek leave to amend his complaint, and the Court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

In view of the available case-law and the rules governing federal court practice, the Court chooses to apply the more expansive approach to simultaneous pleadings of Section 502(a)(1)(B) and 502(a)(3) claims. Thus, Peterson may go forward on both of his claims at this early phase.

*Conclusion*

For the above reasons, Liberty's Motion to Dismiss [8] is DENIED. Peterson is not precluded from pleading a breach of fiduciary duty claim alongside his claim for denial of benefits.

SO ORDERED, this the 13th day of July, 2016.

**All Citations**

Not Reported in Fed. Supp., 2016 WL 3849693

End of Document © 2019 Thomson Reuters. No claim to original U.S. Government Works.