# Exhibit F

2017 WL 4155257
United States District Court,
E.D. Texas, Sherman Division.

Amy WHITLEY, Individually and as Next Friend To L.K.W. and L.Q.W.
v.
DR PEPPER SNAPPLE GROUP, INC., Dr Pepper Snapple Group Health Plan, and Administrative Committee

Civil Action No. 4:17-CV-0047
|
Signed 09/19/2017

**Attorneys and Law Firms**

Hope Delaney Zimlich, Austin Hinds England, The Harris Firm PC, Dallas, TX, Jodi Felice Bouer, Bouer Law LLC, Princeton, NJ, for Amy Whitley, individually and as Next Friend to L.K.W. and L.Q.W.

Andrew Thomas Turner, Gavin Samuel Martinson, Ogletree, Deakins, Nash, Smoak & Stewart, PC, Laura L. Gavioli, McDermott Will & Emery LLP, Dallas, TX, Eric P. Mathisen, Ogletree, Deakins, Nash, Smoak & Stewart, PC, Valparaiso, IN, for Dr Pepper Snapple Group, Inc., Dr Pepper Snapple Group Health Plan, And Administrative Committee.

## MEMORANDUM OPINION AND ORDER

AMOS L. MAZZANT, UNITED STATES DISTRICT JUDGE

***1** Pending before the Court is Defendant Dr Pepper Snapple Group, Inc. ("Dr Pepper"), Dr Pepper Snapple Group Health Plan, and the Dr Pepper Snapple Group, Inc. Administrative Committee's (collectively, "Defendants") Motion to Dismiss Plaintiff's First Amended Complaint. (Dkt. #10). After considering the relevant pleadings, the Court grants in part and denies in part Defendants' motion.

## BACKGROUND

This lawsuit concerns Defendants' alleged erroneous denial of coverage for treatment of Plaintiff Amy Whitley's ("Whitley") sons', L.K.W. and L.Q.W., autism spectrum disorder. From August 2015 through January 2016, Whitley inquired into whether her healthcare plan ("the Plan") covered treatments for autism. During this time, Defendants gave Whitley conflicting information as to whether the Plan covered L.K.W.'s Applied Behavior Analysis ("ABA") treatment, including different variations of the Summary Plan Description. For example, Whitley received a 2013 Summary Plan Description that did not contain an ABA treatment exclusion provision, but received a 2016 Summary Plan Description that did.

In January 2016, L.K.W.'s ABA treatment provider requested a pre-service claim determination ("L.K.W.'s First Claim") to determine whether the Plan covered L.K.W.'s ABA therapy. Defendants denied coverage, and Plaintiff appealed Defendants' decision. On July 26, 2016, Defendants issued a final administrative denial.

On September 21, 2016, Plaintiff filed a second pre-service claim for L.K.W.'s ABA therapy ("L.K.W.'s Second Claim"). Defendants again denied coverage issuing a final administrative denial on May 9, 2017.

Additionally, on February 16, 2017, Plaintiff filed a pre-service claim for L.Q.W.'s ABA therapy ("L.Q.W.'s Initial Claim"). Like Plaintiff's previous claims, Defendants denied coverage and issued a final administrative denial on May 24, 2017.

On April 28, 2016, Whitley filed suit in state court alleging Dr Pepper violated, among other things, the Americans with Disabilities Act by denying coverage for L.K.W.'s autism treatment. On May 31, 2016, Dr Pepper removed Whitley's state court action to federal court. *Whitley v. Dr Pepper Snapple Group, Inc.*, 4:16-CV-362-ALM, Dkt. #1 (E.D. Tex. May 31, 2016) ("*Whitley I*"). Subsequently, on January 19, 2017, Whitley filed this lawsuit ("*Whitley II*") alleging Defendants wrongfully denied both of her sons coverage for ABA therapy in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") and the Pete Domenici Mental Health Parity and Addiction Equity Act ("MHPAEA"). On July 20, 2017, the Court consolidated *Whitley I* and *Whitley II* for purposes of discovery and trial. (*Whitley I*, Dkt. #74).

On April 26, 2017, Defendants filed their motion to dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. #10). Specifically, Defendants allege Plaintiff's claims are untimely and Plaintiff failed to exhaust administrative remedies prior to filing suit. Plaintiff filed her response on May 17, 2017. (Dkt. #12). Defendants filed their reply (Dkt. #22) on June 7, 2017, and Plaintiff filed her sur-reply (Dkt. #23) on June 23, 2017.

## LEGAL STANDARD

***2** The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement ... showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. " 'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.' " *Morgan v. Hubert*, 335 Fed.Appx. 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

### A. Repackaging 29 U.S.C. § 1132(a)(1)(B) Claims as 29 U.S.C. § 1132(a)(3) Claims

Defendants argue Plaintiff's claims under 29 U.S.C. § 1132(a)(3) ("fiduciary claims") are improper because they are seeking relief available under 29 U.S.C. § 1132(a)(1)(B). Stated differently, Defendants contend Plaintiff's fiduciary claims are disguised 29 U.S.C. § 1132(a)(1)(B) claims ("benefit claims"). Plaintiff argues her fiduciary claims are not disguised benefit claims because they seek equitable relief unavailable under 29 U.S.C. § 1132(a)(1)(B).

***3** A Plaintiff may seek relief under 29 U.S.C. § 1132(a)(3) when such relief is not adequately available under other ERISA provisions. *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996). If ERISA provides adequate relief for Plaintiff's injury elsewhere, there is no need for further equitable relief under 29 U.S.C. § 1132(a)(3). *Id.* In other words, a Plaintiff may not seek relief under 29 U.S.C. § 1132(a)(3) when adequate relief is available under another provision of 29 U.S.C. § 1132. Before a court dismisses a plaintiff's fiduciary claims as disguised benefit claims, factual development is necessary. *Galvan v. SBC Pension Benefit Plan*, 204 Fed.Appx. 335, 338 (5th Cir. 2006). Because factual development is necessary, dismissal of such claims is premature at the motion to dismiss stage. *Id.* at 338-39.

 © 2019 Thomson Reuters. No claim to original U.S. Government Works. 

Here, Plaintiff alleges Defendants breached their fiduciary duties in responding to Plaintiff's inquiries regarding her sons' ABA therapy. Consequently, Plaintiff seeks reformation, disgorgement, and surcharge under 29 U.S.C. § 1132(a)(3). Notably, such relief is unavailable for benefit claims under 29 U.S.C. § 1132(a)(1)(B) or any another provision of 29 U.S.C. § 1132. *See CIGNA Corp. v. Amara*, 563 U.S. 421, 440-42 (2011). At the motion to dismiss stage, the Court must accept as true all well-pleaded facts in the Plaintiff's complaint and view those facts in the light most favorable to the Plaintiff. *Bowlby*, 681 F.3d at 219. Accordingly, the Court finds Plaintiff pleaded enough facts that her fiduciary claims are not disguised benefit claims. [1]

**B. Exhaustion of Administrative Remedies**

When plaintiffs are seeking relief under 29 U.S.C. § 1132(a)(1)(B), they are required to exhaust all administrative remedies before suing to obtain wrongfully denied benefits. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 610 (2013); *Bourgeois v. Pension Plan for Emps. of Santa Fe Intern. Corps.*, 215 F.3d 475, 479 (5th Cir. 2000). "This requirement minimizes the number of frivolous ERISA lawsuits, promotes consistent administration of claims, provides a nonadversarial dispute resolution process, and decreases the time and cost of claims settlement." *Gastwirth v. Cigna Group Ins.*, No. 3:97-CV-2481L, 1998 WL 874879, at *3 (N.D. Tex. Nov. 25, 1998) (citing *Hall v. Natl. Gypsum Co.*, 105 F.3d 225, 231 (5th Cir. 1997)). Moreover, the Fifth Circuit "fully endorses the prerequisite of exhaustion of administrative remedies in the ERISA context." *Galvan*, 204 Fed.Appx. at 340; *accord Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 33 (5th Cir. 1993); *Simmons v. Willcox*, 911 F.2d 1077, 1081 (5th Cir. 1990); *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1279 (5th Cir. 1990).

**i. 29 U.S.C. § 1132(a)(3) ("Fiduciary Claims")**

Defendants contend that even if Plaintiff's fiduciary claims are not disguised benefit claims dismissal is proper because Plaintiff failed to exhaust administrative remedies prior to filing suit. Plaintiff claims administrative exhaustion is not required for fiduciary claims.

Generally, "ERISA plan participants must exhaust all administrative remedies within the ERISA plan before seeking federal court review of a benefit denial." *Heimeshoff*, 134 S. Ct. at 610; *Bourgeois*, 215 F.3d at 479. However, this requirement does not apply to claims for breach of fiduciary duties in violation of ERISA. *Milofsky v. Am. Airlines, Inc.*, 442 F.3d 311, 313 (5th Cir. 2006) (en banc); *Galvan*, 204 Fed.Appx. at 339.

***4** As explained above, the Court finds, based upon Plaintiff's complaint, that Plaintiff's fiduciary claims are not disguised benefit claims. [2] Therefore, exhaustion is not required. As such, the Court finds dismissal of Plaintiff's fiduciary claims is improper.

**ii. 29 U.S.C. § 1132(a)(1)(B) ("Benefit Claims")**

Defendants argue dismissal of Plaintiff's benefit claims is proper because Plaintiff failed to exhaust all of her administrative remedies prior to filing suit. Plaintiff asserts Defendants' argument is moot because Plaintiff exhausted all administrative remedies prior to the Court ruling on Defendants' motion. Further, Plaintiff claims that even if the argument is not moot, exhaustion is futile and not required.

Here, Plaintiff exhausted all administrative remedies on L.K.W.'s First Claim on July 26, 2016 and filed *Whitley II* on January 19, 2017. Accordingly, because Plaintiff exhausted all administrative remedies on L.K.W.'s First Claim before filing suit, Plaintiff satisfied the exhaustion requirement.

As to L.K.W.'s Second Claim and L.Q.W.'s Initial Claim, Plaintiff exhausted administrative remedies on May 9, 2017 and May 24, 2017, after filing *Whitley II.* Consequently, Plaintiff did not exhaust all administrative remedies before filing *Whitley II* making such claims untimely.

Plaintiff argues Defendants' exhaustion argument is moot since administrative remedies are now exhausted. Further, if the argument is not moot, Plaintiff contends exhaustion is futile and therefore not required. The Court addresses each argument in turn.

In *Galvan*, the plaintiff initiated administrative remedies, but filed suit before exhaustion occurred. *Galvan*, 204

WESTLAW © 2019 Thomson Reuters. No claim to original U.S. Government Works. 

Fed.Appx. at 336-37. The Fifth Circuit held by filing suit prior to exhausting her administrative remedies, the plaintiff "acted in precisely the manner the exhaustion requirement was designed to avoid." *Id.* at 340. As such, the Court found the district court did not err in dismissing the plaintiff's benefit claims without prejudice for lack of exhaustion. *Id.* Here, Plaintiff filed *Whitley II* after she initiated L.W.K.'s Second Claim, but before she exhausted all administrative remedies. The Court finds, like in *Galvan*, Plaintiff acted in a manner inconsistent with the exhaustion requirement. Further, Plaintiff failed to commence L.Q.W's Initial Claim prior to filing *Whitley II.* Fifth Circuit precedent is clear that the failure to initiate and exhaust administrative remedies prior to filing suit is fatal. *See Medina*, 983 F.2d at 33*; Simmons*, 911 F.2d at 1081*; Meza*, 908 F.2d at 1279. As a result, the Court is unpersuaded by Plaintiff's mootness argument.

Although the general rule requires exhaustion prior to bringing suit to recover benefits, exhaustion is not required "when such attempts would be futile." *Bourgeois*, 215 F.3d at 479. Futility is met "if the plan administrator has indicated in the course of litigation that it intends to refuse any further claim by Plaintiff...." *Gastwirth*, 1998 WL 874879, *4. Although this exception exists, application is not always proper. *Id.*; *Denton v. First Nat'l Bank of Waco, Tex.*, 765 F.2d 1295, 1302-03 (5th Cir. 1985); *Brown v. Star Enter.*, 881 F. Supp. 257, 259–60 (E.D. Tex. 1995). Here, Plaintiff agues the futility exception applies because the "evidence indicates the administrator intends to deny" L.K.W.'s Second Claim and L.Q.W's Initial Claim. (Dkt. #23 at p. 10).

***5** "When Congress enacted ERISA, it intended for plan administrators, not the federal courts, to be primarily responsible for claims processing." *Gastwirth*, 1998 WL 874879, *4 (citing *Duhon v. Texaco, Inc.*, 15 F.3d 1302, 1309 (5th Cir. 1994)); *Medina*, 983 F.2d at 33. Further, by pursuing administrative remedies, the plan administrator is given the opportunity to reconsider its previous decisions denying coverage. *See Denton*, 765 F.2d at 1300. Here, Plaintiff filed *Whitley II* while exhausting L.K.W.'s Second Claim and before commencing L.Q.W.'s Initial Claim. Although Defendants denied L.K.W.'s First Claim, Plaintiff sought court intervention without first allowing Defendants the ability to reconsider their denial of L.K.W's coverage when addressing L.K.W.'s Second Claim. Further, Plaintiff did not give Defendants the opportunity to make an initial decision as to L.Q.W. before Plaintiff filed suit. The Court recognizes Defendants ultimately issued final administrative denials as to both L.K.W. and L.Q.W.; however, allowing Plaintiff to proceed directly to federal court without first exhausting administrative remedies "circumvent[s] Congressional intent." *Gastwirth*, 1998 WL 874879, *4 (citing *Duhon v. Texaco, Inc.*, 15 F.3d 1302, 1309 (5th Cir. 1994)). As a result, the Court finds the facts of this case do not warrant application of the futile exception.

Although Plaintiff satisfied the exhaustion requirement for L.K.W.'s First Claim, Plaintiff failed to exhaust L.K.W.'s Second Claim and L.Q.W.'s Initial Claim in a timely manner. Accordingly, the Court dismisses Plaintiff's benefit claims related to L.K.W.'s Second Claim and L.Q.W.'s Initial Claim without prejudice. *See Galvan*, 204 Fed.Appx. at 339-40 (holding a district court's dismissal of a plaintiff's benefit claims without prejudice for lack of exhaustion proper).

**C. Timeliness of Plaintiff's Claims**

Defendants argue Plaintiff untimely filed L.K.W.'s First Claim under 29 U.S.C. § 1132(a)(1)(B) because she did not abide by the ninety-day limitations period provided in the 2013 Summary Plan Description. Plaintiff contends L.K.W.'s First Claim is timely because the three-year limitations period in the 2016 Summary Plan Description applies and she filed within three years.

"Absent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable." *Heimeshoff*, 134 S. Ct. at 610. The 2013 Summary Plan Description provides that a plaintiff must sue within ninety days of his or her final appeal denial. (*Whitley I*, Dkt. #32, Exhibit 15). Conversely, the 2016 Summary Plan Description contains a three-year limitations period. (*Whitley I*, Dkt. #32, Exhibit 14).

Defendants argue that "[a]lthough the [Summary Plan Description] was updated in 2016, with an effective date of January 1, 2016, the 2013 [Summary Plan Description] remained the operative Plan document at the time [Plaintiffs] first claim for L.K.W. was made." (Dkt. #22 at p. 5, n.3). The Court is unpersuaded. The cases Defendants relied upon make clear that the Court applies the Plan in effect when the "charges were incurred" or "the time the claim for benefits was filed." *Vasseur v.*

*Halliburton Co.*, 950 F.2d 1002, 1007 (5th Cir. 1992); *Provenza v. Gulf S. Admin. Servs., Inc.*, 67 F. Supp. 2d 617, 620-21 (M.D. La. 1999); *accord Franks v. Prudential Health Care Plan, Inc.*, 164 F. Supp. 2d 865, 879 (W.D. Tex. 2001). As of June 2016, Plaintiff had not received ABA treatments. (Dkt. #23 at p. 6). Moreover, Plaintiff did not initiate L.K.W.'s First Claim until January 2016. Because Plaintiff did not receive treatments and did not make a claim for benefits until after January 1, 2016, the 2016 Summary Plan Description controls. As a result, the Court finds the three-year limitations period in the 2016 Summary Plan Description governs L.K.W.'s First Claim.

This conclusion is further supported by April Rodriguez, the Health and Wellness Manager for Dr Pepper. Rodriguez stated the 2016 Summary Plan Description "governs all claims for services made after January 1, 2016." (Dkt. #32, Exhibit 12 at pp. 12-13). Again, Plaintiff initiated L.K.W.'s First Claim in January 2016, meaning the 2016 Summary Plan Description applies.

***6** Here, Plaintiff exhausted L.K.W.'s First Claim on July 19, 2016 and filed suit on January 19, 2017, within the three-year limitations period. Accordingly, Plaintiff timely filed L.K.W.'s First Claim.

Defendants make additional arguments regarding the timeliness of Plaintiff's benefit claims relating to L.K.W.'s Second Claim and L.Q.W.'s Initial Claim. However, the Court need not address these arguments based on the findings above.

### D. *Colorado River* Abstention and First-to-File Rule

Defendants further claim the *Colorado River* Abstention and First-to-File Rule warrant dismissal of Plaintiff's claims. The Court concludes it is unnecessary to address these arguments because the Court consolidated *Whitely I* and *Whitley II.* (*Whitley I*, Dkt. #74).

## CONCLUSION

It is therefore **ORDERED** that Defendant Dr Pepper Snapple Group, Inc., Dr Pepper Snapple Group Health Plan and the Dr Pepper Snapple Group, Inc. Administrative Committee's (collectively, "Defendants") Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim upon Which Relief Can Be Granted Under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #10) is hereby **GRANTED IN PART AND DENIED IN PART.**

Accordingly, Plaintiff's 29 U.S.C. § 1132(a)(1)(B) benefit claims relating to L.K.W.'s Second Claim and L.Q.W.'s Initial Claim are dismissed without prejudice.[3] However, the Court denies Defendants' motion as to Plaintiff's remaining claims.

**IT IS SO ORDERED.**

### All Citations

Not Reported in Fed. Supp., 2017 WL 4155257, 2017 Employee Benefits Cas. 331,152

Footnotes

1 Because the Court is only addressing this issue at the motion to dismiss stage, the Court is not holding that Plaintiff's fiduciary claims are not disguised benefit claims. Instead, the Court is allowing for additional factual development on the issue.

2 Again, the Court is not making a finding that Plaintiff's fiduciary claims are not disguised benefit claims. Instead, the Court is allowing for further factual development on the issue.

3 Because the Court dismisses Plaintiff's benefit claims relating to L.K.W.'s Second Claim and L.Q.W's Initial Claim without prejudice, Plaintiff is permitted to file a new lawsuit asserting these claims.

End of Document

© 2019 Thomson Reuters. No claim to original U.S. Government Works.