**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MARISABEL BELLO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 3:19-cv-00004-M** |
| | § | |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; WELLS FARGO & COMPANY'S LONG-TERM DISABILITY BENEFITS PLAN** | § § § § | |
| | § | |
| **Defendants.** | § | |

**REPLY IN SUPPORT DEFENDANTS' MOTION TO**
**PARTIALLY DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants Liberty Life Assurance Company of Boston ("Liberty Life") and Wells Fargo & Company's Long-Term Disability Benefits Plan ("the LTD Plan") (collectively "Defendants") file this Reply in Support Defendants' Motion to Partially Dismiss Plaintiff's Amended Complaint.

**I.**
**Reply to Plaintiff's Response**

Plaintiff's response states that the pleading of "alternate" tracks allows her to maintain the breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3). However, even if Plaintiff's claim for recovery of disability benefits under 29 U.S.C. § 1132(a)(1) does not succeed, that does not make the (a)(3) claim viable. Tolson v. Avondale Indus., Inc., 141 F.3d 604, 610 (5th Cir. 1998). Accordingly, Plaintiff has failed to state a claim for relief under (a)(3) as no "alternate" track exists for pleading such claim.

Plaintiff also argues that her alternative request for equitable relief saves her (a)(3) claim. However, such relief is based on the same action upon which Plaintiff relies to support her (a)(1)(B) claim. "Because § 1132(a)(1)(B) affords [Plaintiff] an avenue for legal redress, she may not simultaneously maintain her claim for breach of fiduciary duty." Rhorer v. Raytheon Engineers and Constructors, Inc., 181 F.3d 634, 639 (5th Cir. 1999). See also Bratton v. National Union Fire Ins. Co. of Pittsburgh, PA, 215 F.3d 516, 527 (5th Cir. 2000). Metropolitan Life Ins. Co. v. Palmer, 238 F.Supp.2d 826, 830 (E.D. Tex. 2002); Constantine v. American Airlines Pension Benefit Plan, 162 F.Supp.2d 522, 557-558 (N.D. Tex. 2001).

Finally, Plaintiff argues that this Court should follow the minority of cases within the Fifth Circuit that have ruled a simultaneous (a)(3) claim cannot be dismissed under Rule 12(b)(6). However, the Fifth Circuit precedent still stands, and most District Courts have continued to follow the Tolson precedent, even after the Supreme Court's holding in Cigna Corp. v. Amara, 563 U.S. 421, 435-38 (2011), as has this District Court, as admitted by Plaintiff. *See, e.g.,* Torrence v. New Orleans Elec. Pension & Annuity Plan, CA No. 17-1500 SECTION "R" (5) (E.D. La. July 25, 2017); Brand v. Liberty Life Assurance Co. of Bos., CA No. 17-12094 SECTION "E" (E.D. La. Jan. 29, 2018); Swenson v. Eldorado Casino Shreveport Joint Venture, CA No. 15-CV-2042 (W.D. La. Apr. 7, 2017); Grand Parkway Surgery Ctr., LLC v. Health Care Serv. Corp., CA No. H-15-0297 (S.D. Tex. June 16, 2015) (copies attached). It is especially noteworthy that the Fifth Circuit also continues to hold that a claim under (a)(3) is not available when monetary relief is sought under (a)(1)(B) for recovery of benefits, citing both Tolson and Varity Corp. v. Howe, 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). Innova Hosp. San Antonio, Ltd. v. Blue Cross & Blue Shield of Ga., Inc., 892 F.3d 719 (5th Cir. 2018). *See also,* Swenson v. United of Omaha Life Ins. Co., 876 F.3d 809, 812 (5th Cir. 2017).

## III.
## REQUEST FOR RELIEF

Defendants request the Court enter an Order that Plaintiff's claim shall proceed as claims under 29 U.S.C. § 1132(a)(1)(B) and that Plaintiff's claim for breach of fiduciary duty, equitable relief, and all other claims under 29 U.S.C. § 1132(a)(3) be dismissed with prejudice; award Defendants attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and grant it any other relief to which it shows itself justly entitled.

Dated this 4th day of April 2019.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
Texas Bar No. 16452560

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Christine A. Hopkins
Email: christine@tremainartaza.com

April 4, 2019 — Date

/s/ Iwana Rademaekers — Iwana Rademaekers