CIVIL ACTION No. 17-12094 SECTION "E"
UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA

# Brand v. Liberty Life Assurance Co. of Bos.

Decided Jan 29, 2018

SUSIE MORGAN UNITED STATES DISTRICT JUDGE

<u>**ORDER AND REASONS**</u>

Before the Court is Defendant's motion to dismiss Plaintiff's breach of fiduciary duty claim and claim for "equitable relief."[1] The motion is unopposed. For the following reasons, the motion is **GRANTED.**

1 R. Doc. 8.

## BACKGROUND

On November 8, 2017, Plaintiff Charles Brand filed a complaint against Defendant Liberty Life Assurance Company of Boston ("Liberty") pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") for recovery of disability benefits under 29 U.S.C. § 1132(a)(1)(B).[2] In addition to his ERISA claims, Brand also brings a claim for breach of fiduciary duty[3] and seeks "equitable relief."[4] On January 8, 2018, Liberty moved to dismiss Brand's breach of fiduciary duty claim and equitable relief claim under Federal Rule of Civil Procedure 12(b)(6).

2 [5] R. Doc. 1.

3 *Id.* at 3, ¶ VIII.

4 *Id.* at 4.

5 R. Doc. 8.

## STANDARD OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[6] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] However, the court does not accept as true legal conclusions or mere conclusory statements,[9] and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[10] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.

6 [11]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).

7 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

8 *Id.*

9 *Id.*

10 *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

11 *Iqbal*, 556 U.S. at 663, 678 (citations omitted).

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[12] "[W]here the well-pleaded

casetext

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[13] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"

12 [14] *Twombly*, 550 U.S. at 555.

13 *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

14 *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

## LAW AND ANALYSIS

Plaintiff complains Liberty breached the fiduciary duties it owed to him "by refusing to pay the total disability benefits to which he is entitled under The Plan and the disability insurance policy issued by LIBERTY."[15] Plaintiff further alleges he is entitled to "equitable relief."

15 [16] R. Doc. 1 at 3, ¶ VIII.

16 *Id.* at 4.

Plaintiff's breach of fiduciary duty allegation fails under *Varity Corp. v. Howe*,[17] an ERISA case in which the U.S. Supreme Court stated "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief."[18] Thereafter, in *Tolson v. Avondale Indus.*,[19] the Fifth Circuit stated that a participant cannot bring an ERISA denial of benefits action under 29 U.S.C. § 1132(a)(1)(B) as a § 1132(a)(3) breach of fiduciary duty claim.[20] "It is settled law in this circuit that a potential beneficiary may not sue for breach of fiduciary duty if he has a pending claim under section 1132(a)(1)(B) for benefits allegedly owed."[21] Thus, "Because Plaintiff has resorted to the principal remedy for ERISA claimants [section 1132(a)(1)(B)], []he has also failed to state a claim under § 1132(a)(3) as described by the Supreme Court in *Varity*."

17 [22] 516 U.S. 489, 508-15 (1996) (holding that ERISA authorized a claim for equitable relief under subsection 502(a)(3) for personal recovery when no other appropriate equitable relief is available).

18 *Id.* at 515.

19 141 F.3d 604, 610 (5th Cir. 1998) ("Tolson's efforts to justify assertion of breach of a fiduciary duty claim against the Plans by distinguishing such a claim from his claims for coverage and benefits claims are woefully unavailing.").

20 *Id.*

21 *Metro. Life Ins. Co v. Palmer*, 238 F. Supp. 2d 826, 830 (E.D. Tex. 2002) (citing *Tolson*, 141 F.3d 604, 610 (5th Cir. 1998)).

22 *Constantine v. Am. Airlines Pension Benefit*, 162 F. Supp. 2d 552, 557 (N.D. Tex. 2001); *see also Torrence v. New Orleans Elec. Pension and Annuity Plan*, No. 17-1500, 2017 WL 3158148, at *2 (E.D. La. July 25, 2017) ("ERISA section 502(a)(1)(B) states that a civil action may be brought by a plan participant 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.' 29 U.S.C. § 1132(a)(1)(B). Thus, to the extent plaintiff believes NOEPP improperly denied him benefits, plaintiff has an adequate remedy under section 502(a)(1)(B). Plaintiff is therefore precluded from bringing a claim for equitable relief under section 502(a)(3).").

With respect to Plaintiff's claim for equitable relief, it is well settled that Congress did not provide for compensatory, liquidated, or punitive damages as relief for ERISA claims for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B).

23 [23]*Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255-58 (1993) (holding that ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), which allows plan beneficiary to bring action to

casetext

obtain "appropriate equitable relief" for violations of either ERISA or ERISA-qualified plan, does not allow such beneficiary to sue plan fiduciary in his or her individual capacity for extracontractual damages, which are "the classic form of *legal* relief"); *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985) (holding that ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1), which allows plan beneficiary to bring action for fiduciary breach, does not allow such beneficiary to sue plan fiduciary in his or her individual capacity for extracontractual damages); *see also Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 944 (5th Cir. 1999); *Weir v. Fed. Asset Disposition Ass'n*, 123 F.3d 281, 290 (5th Cir. 1997).

Because it is clear Plaintiff cannot allege any set of facts that would entitle him to relief for his breach of fiduciary claim or his claim for equitable relief, the Court grants Liberty's motion to dismiss these claims.

24 [24]*See Clark*, 794 F.2d at 970.

Accordingly;

## CONCLUSION

**IT IS ORDERED** that the Defendants' motion for partial dismissal for failure to state a claim is **GRANTED.**

25 [25] R. Doc. 8. --------

**IT IS FURTHER ORDERED** that Plaintiff's breach of fiduciary duty and equitable relief claims are **DISMISSED WITH PREJUDICE.**

**New Orleans, Louisiana, this 29th day of January, 2018.**

/s/ __________

**SUSIE MORGAN**

**UNITED STATES DISTRICT JUDGE**

casetext

CIVIL ACTION NO. H-15-0297

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

# Grand Parkway Surgery Ctr., LLC v. Health Care Serv. Corp.

Decided Jun 16, 2015

NANCY F. ATLAS SENIOR UNITED STATES DISTRICT JUDGE

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss [Doc. # 11] filed by Defendant Health Care Service Corporation[1] ("HCSC"), to which Plaintiff Grand Parkway Surgery Center, LLC ("Grand Parkway") filed a Response [Doc. # 18], and HCSC filed a Reply [Doc. # 19]. Having reviewed the full record and applicable legal authorities, the Court **grants** the Motion to Dismiss as to Counts 2 and 3, and **denies** the Motion to Dismiss in all other respects. Plaintiff may replead its claims in Count 2 if it is able to do so consistent with this Memorandum and Order.

[1] Plaintiff named Health Care Service Corporation and Blue Cross and Blue Shield of Texas, Inc. as separate defendants. Following a merger in December 1998, Health Care Service Corporation is the single remaining entity.

## I. BACKGROUND

Grand Parkway is an out-of-network medical provider that offers ambulatory surgical services in Fort Bend County, Texas. It provided these services to hundreds of patients who were participants in either private or employer sponsored health benefit plans through Blue Cross and Blue Shield of Texas, Inc. ("BCBSTX"), a division of HCSC. Plaintiff alleges that it billed for the services at the usual and customary rate, as provided for in the plans, but was underpaid on 293 claims by a total of $5,728,446.91.

Plaintiff filed this lawsuit under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA"), to recover benefits payable for those services it rendered to participants in an employer sponsored health benefit plan. *See* Complaint [Doc. # 1], Count 1. Plaintiff also alleges that Defendants failed to provide a full and fair review as required by ERISA, and breached their fiduciary duties under ERISA. *See id.*, Counts 2 and 3. Plaintiff asserted a breach of contract claim under Texas law for failure to reimburse fully for services rendered to patients with private health benefit plans. *See id.*, Count 4. In Count 5, Plaintiff asserted a promissory estoppel claim under Texas law regarding all charges which were denied or underpaid.

3 *3 HCSC filed a Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction over the ERISA claims because Plaintiff allegedly lacks standing. Additionally, HCSC seeks dismissal of all claims under Rule 12(b)(6), arguing that Plaintiff failed adequately to state a claim for relief. The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II. RULE 12(b)(1) - LACK OF SUBJECT MATTER JURISDICTION

### A. Applicable Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)). "In considering a challenge to subject matter jurisdiction, the district court is "free to

weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Id.* When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See Alabama-Coushatta Tribe of Tex. v. U.S.*, 757 F.3d 484, 487 (5th Cir. 2014); *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Venable v. La. Workers' Comp.*
4 *Corp.*, 740 *4 F.3d 937, 941 (5th Cir. 2013). "[U]nder Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012) (quoting *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2007)). The Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Id.*

**B. <u>Standing</u>**

HCSC argues that the ERISA and breach of contract claims should be dismissed for lack of jurisdiction because Grand Parkway lacks standing to assert those claims.[2] HCSC argues specifically that Plaintiff has failed to allege adequately that it has valid assignments from its patients, and that 24 of the relevant plans have anti-assignment provisions.

2 Plaintiff has standing to assert the promissory estoppel claim independent of any assignment. *See Encompass Office Solutions, Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 947 (E.D. Tex. 2011).

"Standing is jurisdictional." *Letourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348, 351 (5th Cir. 2002). Healthcare providers do not have standing to sue in their own right to collect benefits under an ERISA
5 plan, *5 but they may obtain assignments from their patients and thereby have standing to bring ERISA suits to recover benefits. *See Northwest Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (2015). Similarly, to have standing to assert a breach of contract cause of action under Texas law, the plaintiff must be a party to the contract, a third-party beneficiary, or an assignee. [3]*Frontier Commc'ns Northwest, Inc. v. D.R. Horton, Inc.*, 2014 WL 7473764, *1 (Tex. App. - Fort Worth Dec. 31, 2014) (citing *Maddox v. Vantage Energy LLC*, 361 S.W.3d 752, 756-57 (Tex. App. - Fort Worth 2012, pet. denied)).

3 Texas Courts of Appeals are divided regarding whether lack of privity is a standing issue or a merits issue to be decided on summary judgment. *Compare Maddox*, 361 S.W.3d at 756-57 with *Nat'l Health Resources Corp. v. TBF Fin., LLC*, 429 S.W.3d 125, 128-29 (Tex. App. - Dallas 2014).

--------

Plaintiff alleges that "each patient expressly and knowingly executed an Assignment of Benefits [that] transferred and assigned to Plaintiff the rights and interest to collect and be reimbursed for the patient's medical service(s) performed at Plaintiff's facility." *See* Complaint, ¶ 16. Plaintiff's allegations that it obtained an assignment of the patient's rights to recover benefits under the relevant plans is sufficient to avoid dismissal for lack of standing. *See Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 599 (N.D. Tex. 2014). There is no requirement that Plaintiff attach each Assignment of Benefits to the Complaint.

6 *6 HCSC asserts that 24 of the plans at issue contained anti-assignment clauses. A purported assignment in violation of an anti-assignment clause is unenforceable and ineffective to assign the patient's rights under the plan. *See Letourneau*, 298 F.3d at 352-53. In certain

casetext

circumstances, however, the defendant may have waived or be estopped to assert the anti-assignment provision. *See Hermann Hosp. v. MEBA Med. and Benefits Plan*, 959 F.2d 569, 574-75 (5th Cir. 1992), *overruled on other grounds by Access Mediquip, LLC v. UnitedHealthcare Inc. Co.*, 698 F.3d 229 (5th Cir. 2012). It is necessary and appropriate in this case to consider the effect of the anti-assignment clauses and the waiver and estoppel issues on a Motion for Summary Judgment when the plans, the assignments, and evidence regarding the parties' dealings are in the record. At the current stage, the Court concludes that Plaintiff has adequately alleged that it obtained a valid Assignment of Benefits from each patient and, as a result, the Court denies the Motion to Dismiss for lack of jurisdiction.

HCSC argues that even if the assignments to Grand Parkway are valid and enforceable, they do not provide standing for Grand Parkway to sue for anything other than plan benefits. Assignments that do not refer specifically to fiduciary duty or other non-benefits ERISA claims do not assign non-benefits claims to the plaintiff. *See Mid-Town Surgical Ctr., L.L.P. v. Humana Health Plan of Tex., Inc.*, 16 F. Supp. 3d 767, 775 (S.D. Tex. 2014); *Sleep Lab at West*
7 *Houston v. Tex. Children's Hosp.*, *7 2015 WL 3507894, *8 (S.D. Tex. June 2, 2015); *Romano Woods Dialysis Ctr. v. Admiral Linen Serv., Inc.*, 2014 WL 3533479, *2 (S.D. Tex. July 15, 2014). " [O]nly an express and knowing assignment of an ERISA fiduciary breach claim is valid." *Tex. Life, Acc. Health & Hosp. Serv. ins. Guar. Ass'n v. Gaylord Entertainment Co.*, 105 F.3d 210, 218 (5th Cir. 1997). The assignments on which Plaintiff relies are not attached to the Complaint and are not before the Court. As a result, the Court cannot determine whether any of the assignments in this case include the specific assignment of non-benefits ERISA claims or assign only the ERISA claim for payment of benefits.

Construing Plaintiff's allegations in the Complaint as true and in the light most favorable to Plaintiff, the Court concludes that Grand Parkway has standing to assert ERISA claims for benefits and breach of contract claims regarding private insurance plans. The Court does not decide at this stage of the proceeding whether anti-assignment provisions in certain plans are enforceable or whether the assignments specifically assign non-benefits ERISA claims. The Court denies the Motion to Dismiss for lack of jurisdiction under Rule 12(b)(1).

8 *8 III. RULE 12(b)(6) - FAILURE TO STATE A CLAIM

**A. Applicable Legal Standard**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Doe v. Robertson*, 751 F.3d 383, 388 (5th Cir. 2014).

On a motion to dismiss, the Court's review may consider the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are referenced in and central to the claims asserted in the Complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

9 *9 **B. Count 1 - Claim to Recover ERISA Benefits**

Plaintiff's first claim is asserted pursuant to 29 U.S.C. § 1132(a)(1)(B) ("§ 502") to recover benefits due under the ERISA plans. "ERISA section 502(a)(1)(B) empowers a plan participant to sue 'to recover benefits due him

casetext

under the terms of the plan, to enforce his rights under the terms of the plan or to clarify his rights to future benefits under the plan.'" *North Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 194 (5th Cir. 2015) (quoting 29 U.S.C. § 1132(a)(1)(B)). "If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits." *Aetna Health Ins. v. Davila*, 542 U.S. 200, 210 (2004) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)); *Hamann v. Independence Blue Cross*, 543 F. App'x 355, 357 (5th Cir. 2013); *Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 600 (N.D. Tex. 2014).

HCSC argues that Count 1 should be dismissed because Plaintiff failed to allege the specific plan terms that confers the benefits in question. Plaintiff, however, alleges that the plan terms "allow for reimbursement of reasonable and necessary medical expenses at usual and customary rates" and that HCSC made reimbursement at drastically reduced rates. *See* Complaint, ¶ 34. This adequately identifies the
10 plan *10 terms which Plaintiff asserts confers the benefits it seeks to recover under § 502. Whether the terms of the plans at issue in this case actually confer the benefits Plaintiff alleges can be raised on a motion for summary judgment.

HCSC argues also that Plaintiff failed to identify which claims involve ERISA plans and which involve private plans. In support of this argument, HCSC cites the Northern District of Texas's decision in the *Innova* case. In *Innova*, however, the plaintiff alleged generally, in connection with both ERISA and non-ERISA plans, that the defendant failed to make payments of benefits as required under the terms of the plans. *See Innova*, 995 F. Supp. 2d at 601, 603. In connection with the breach of contract claim, the plaintiff relied exclusively on a spreadsheet to provide the terms of the plans at issue. The Court in that case noted that the spreadsheet did not, however, identify the non-ERISA contracts and, more importantly, contained "no factual allegations regarding what rates were 'contractually agreed upon' or 'required by the contracts.'" *See id.* at 604. The Court in *Innova* dismissed the § 502 and breach of contract claims because the plaintiff failed to allege ***any*** specific plan terms that conferred the benefits it was seeking to recover, not because the plaintiff did not identify specifically which claims were based on employer sponsored ERISA plans and which were breach of contract claims based on private plans.

11 *11 Plaintiff Grand Parkway, however, has alleged the specific plan terms that it believes confer the benefits it seeks. As a result, the failure to distinguish between claims based on ERISA plans and claims based on private plans does not require dismissal. The Court denies HCSC's Motion to Dismiss Count 1 of the Complaint.

**C. <u>Count 2 - Claims for Failure to Provide Full and Fair Review</u>**

In Count 2 of the Complaint, Plaintiff asserts a claim under 29 U.S.C. § 1133 ("§ 503") for failure to provide a full and fair review, and under 29 U.S.C. § 1132(c) ("§ 502(c)") for failure to supply required information. HCSC argues that these claims must be dismissed because the § 503 claim may be asserted only against the ERISA Plan itself, and the § 502(c) claim may be asserted only against the Plan Administrator.

Plaintiff concedes that it does not allege that HCSC is the Plan, but argues that the Court "can reasonably infer this allegation." *See* Response, p. 19. Plaintiff cites to nothing in the record, however, from which the Court could infer that HCSC is the Plan. As a result, the § 503 claim is dismissed.

Plaintiff alleges in the Complaint that "Defendants are the administrators for claims . . .." *See* Complaint, ¶ 9. Plaintiff does not allege, however, that HCSC is the Plan Administrator,

casetext

rather than the separate Claims Administrator. Accordingly, Plaintiff's § 502(c)(1) claim is dismissed.

12 *12 When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In their Response, Plaintiff requests leave to amend the complaint should the Court determine that HCSC's Motion to Dismiss has merit. The Court concludes that Plaintiff should be given an opportunity to supplement the Complaint by June 29, 2015, as to the claims in Count 2 to allege that HCSC is the Plan and/or the Plan Administrator, if consistent with the facts. Clearly, however, Plaintiff may not allege facts for which it has no good faith factual basis. *See* FED. R. CIV. P. 11(b). Additionally, Plaintiff may not assert the non-benefits ERISA claims in Count 2 unless the relevant assignments specifically reference non-benefits claims.

### D. Count 3 - Claim for Breach of Fiduciary Duty

In addition to the § 502(a)(1)(B) claim to recover benefits under the ERISA plans, Plaintiff asserts a claim under 29 U.S.C. § 1132(a)(3) ("§ 502(a)(3)") for breach of fiduciary duty. An ERISA plaintiff may sue for breach of fiduciary duty only when there is no other available ERISA remedy. *See Varity Corp. v. Howe*, 516 U.S. 489, 510-16 (1996); *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 546 n.65 (5th Cir. 2012); *Lopez v. Liberty Life Assur. Co. of Boston*, 2013 WL 5774878,
13 *4 (S.D. Tex. *13 Oct. 24, 2013). Therefore, where a plaintiff asserts a claim to recover benefits, it "may not simultaneously maintain [a] claim for breach of fiduciary duty" under ERISA. *Rhorer v. Raytheon Eng'rs and Constructors, Inc.*, 181 F.3d 634, 639 (5th Cir. 1999), abrogated on other grounds by *Cigna Corp. v. Amara*, ___ U.S. ___, 131 S. Ct. 1866 (2011). This is true even if the plaintiff does not prevail on the claim for benefits. *See Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) ("The simple fact that Tolson did not prevail on his claim under section [502(a)(1)] does not make his alternative claim under section [502(a)(3)] viable.").

Grand Parkway asserts a claim for ERISA benefits under § 502(a)(1). Indeed, it is clear from the Complaint that the claim for benefits is the focus and "predominate cause of action" in the lawsuit. As a result, HCSC's Motion to Dismiss is granted as to Count 3.

### E. Count 4 - Breach of Contract

With reference to the payments Grand Parkway received in connection with private healthcare plans, rather than ERISA plans, Grand Parkway asserts a breach of contract claim against HCSC. Under Texas law, the elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the
14 breach. *CCC Group, Inc. v.* *14 *South Cent. Cement, Ltd*, 450 S.W.3d 191, 196 (Tex. App. - Houston [1st Dist.] 2014); *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009).

HCSC seeks dismissal of Plaintiff's breach of contract claim because Plaintiff does not adequately identify the contract terms that were breached. Plaintiff alleges that the contracts - the private health benefit plans - provided for "reimbursement of reasonable and necessary medical expenses at usual and customary rates in and around the treating medical providers' geographical area." *See* Complaint, ¶ 54. Plaintiff alleges that its billings at the usual and customary rates totalled $5,933,362.22, but HCSC paid only $204,915.31. *See id.*, ¶ 20. These allegations adequately identify the contract terms that Plaintiff alleges were breached. HCSC's Motion to Dismiss the breach of contract claim is denied.

### F. Count 5 - Promissory Estoppel

casetext

Plaintiff asserts a promissory estoppel claim under Texas law. "The elements of a promissory estoppel claim are: (1) a promise; (2) reliance thereon that was foreseeable to the promisor; and (3) substantial reliance by the promisee to his detriment." *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 378-79 (Tex. App.--Houston [1st Dist.] 2007, no pet.) (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)); *see also MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, 743
15 F.3d 974, *15 977 (5th Cir. 2014). HCSC argues that Plaintiff has failed to allege the promissory estoppel claim with adequate detail.

Plaintiff alleges in its Complaint that HCSC promised that the relevant patient and the medical services to be rendered to that patient were covered by a health insurance policy that included out-of-network benefits. *See* Complaint, ¶ 56. Plaintiff alleges also that HCSC promised reimbursement for the provided medical services at the usual and customary rate in Fort Bend County, Texas. *See id.* Plaintiff further alleges that it "reasonably and substantially relied" on HCSC's promises, and that its reliance was foreseeable. *See id.*, ¶ 57-58. Plaintiff alleges that it relied to its detriment, receiving underpayment in the amount of $5,728,446.91. *See id.*, ¶ 59. These allegations adequately state a promissory estoppel claim under Texas law. Plaintiff is not required at this stage to quote the specifics of each representation allegedly made in connection with each of the 293 separate claims. HCSC's Motion to Dismiss the promissory estoppel claim is denied.

## IV. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 11] is **GRANTED** as to Counts 2 and 3 of the Complaint and **DENIED** in all other respects. It is further

16 *16 **ORDERED** that, if Plaintiff can allege - consistent with its obligations under Rule 11 of the Federal Rules of Civil Procedure and with the rulings herein - that HCSC is the Plan and/or the Plan Administrator, it may do so in a supplemental pleading that must be filed by **June 29, 2015.**

SIGNED at Houston, Texas, this **16th** day of **June, 2015.**

/s/__________

NANCY F. ATLAS

SENIOR UNITED STATES DISTRICT JUDGE

casetext

CIVIL ACTION NO. 15-CV-2042
UNITED STATES DISTRICT COURT WESTERN DISTRICT OF LOUISIANA SHREVEPORT DIVISION

# Swenson v. Eldorado Casino Shreveport Joint Venture

Decided Apr 7, 2017

JUDGE ELIZABETH ERNY FOOTE

MAGISTRATE JUDGE HORNSBY
**MEMORANDUM RULING**

Before the Court are two motions to dismiss, filed by Defendant Eldorado Casino Shreveport Joint Venture ("Eldorado") [Record Document 61] and Defendant United of Omaha Life Insurance Co. ("United of Omaha") [Record Document 62], and a motion to strike affidavits filed by Plaintiff Katheryn Swenson [Record Document 69]. These are the third motions to dismiss filed by these Defendants. Previously, the Court dismissed all claims against Defendant Lincoln National Life Insurance Co., but was unable to consider motions to dismiss by United of Omaha and Eldorado because the Court lacked the necessary information to determine whether Plaintiff's claims are governed by ERISA, and therefore whether this Court had subject matter jurisdiction. Defendants have now re-urged their motions with additional supporting evidence of jurisdiction under ERISA. These motions incorporate the earlier motions to dismiss brought by each Defendant. Record Documents 17, 18, 45, 51.

For the reasons discussed below, Defendant Eldorado's motion to dismiss [Record Document 61] and Defendant United of Omaha's motion to dismiss [Record Document 62] are **GRANTED.** Plaintiff's state law claims
2 against both Defendants are *2 **dismissed with prejudice** as preempted by ERISA. Plaintiff's claim for denial of benefits under ERISA is **dismissed without prejudice** for failure to exhaust administrative remedies. Plaintiff's claims for equitable relief under ERISA and her claim for violation of COBRA are **dismissed with prejudice.** Plaintiff's motion to strike affidavits [Record Document 69] is **DENIED.** Plaintiff's motion to conduct discovery [Record Document 76] is **DENIED as moot.**

## I. Background

The facts in this matter have been amply stated in the Court's earlier opinions. Record Documents 35, 60. Plaintiff's amended complaint alleges six state law claims against the remaining Defendants: negligence, equitable estoppel, detrimental reliance, "negligence in law/negligence per se," bad faith, and breach of contract. Record Document 36, pp. 10-17. Plaintiff further alleges thirteen "federal causes of action" against these Defendants, entitled: breach of fiduciary duty under ERISA, Conversion/Portability/Continuation/Eligibility Waiting Period rights, detrimental reliance, promissory estoppel or equitable estoppel, futility of administrative appeals, reformation, breach of fiduciary duty by misrepresentation of plan terms, injunctive relief, declaratory judgment relief, attorney fees, unjust enrichment, discovery sought for complete administrative record, and an "uninsured status claim against Eldorado," which is essentially a restatement of her breach of fiduciary duty claim. Id., pp. 18-46; Record Document 67, p. 24 ("This claim pleads Eldorado violated its fiduciary duties under ERISA...").

3 *3 As the Court has noted previously, injunctive relief, attorney's fees, and discovery are not stand-alone causes of action, and are treated as part of Plaintiff's prayer for relief. Record

casetext

Document 60, p. 4. The remaining federal claims essentially fall into two categories: denial of benefits under ERISA, and claims for equitable remedies under ERISA.

## II. Discussion

A. Standard of Review

In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. In determining whether the plaintiff has stated a plausible claim, the court must construe the complaint in the light most favorable to the plaintiff, see In re Great Lakes Dredge & Dock Co. LLC, 624 F.3d 201, 210 (5th Cir. 2010), and accept as true all of the well-pleaded factual allegations in the complaint. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2009). However, " [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Thus, the Court does not have to accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005).

4 *4 Plaintiff devotes several pages of her opposition to these motions to the argument that the plan should be construed in her favor, and several more to a section she labels "Uncontested Facts." Record Document 68, pp. 4-11. She also argues that "there are questions of fact" that warrant denial of the motions to dismiss. Id., p. 16. The Court notes that, at this stage, no substantive question of construction of the plan has been reached, nor does the Court inquire into disputes of fact. As discussed above, the standard of review for a motion to dismiss requires the Court to accept all of Plaintiff's factual allegations as true.

B. Motion to Strike Affidavits

At the outset, the Court considers Plaintiff's motion to strike Defendants' affidavits. As discussed below in more detail, in order to establish jurisdiction under ERISA, Defendants must show that the benefit arrangement at issue in this case is an ERISA plan. In order to make this showing, Defendants submitted two affidavits, one from an employee of Eldorado and one from an employee of United of Omaha, setting out the administration, funding, and maintenance of the United of Omaha policy issued to Eldorado. Record Documents 61-1, 62-2.

A motion to strike may be brought under Rule 12(f) to strike matter that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Plaintiff does not contend that the affidavits are any of these things, instead objecting that the affidavits cannot be submitted because the Court is required to consider only the administrative record, and that Renee Turco's affidavit, submitted by
5 United of Omaha, *5 contains the impermissible legal conclusion that Plaintiff failed to exhaust her administrative remedies and other factual conclusions. Record Document 69-1. In support of her argument as to the administrative record, Plaintiff cites a First Circuit case in which the district court excluded from consideration an affidavit of a physician written several weeks after an insurer's denial of coverage. Lopes v. Met. Life Ins. Co., 332 F.3d 1 (1st Cir. 2003). The district court was conducting a substantive review of the plan administrator's decision, and the court of appeals confirmed that it was proper for the district court to only consider the administrative record that was available to the plan administrator at the time of its decision, and not an additional affidavit submitted weeks later. Id. That is not the analysis the Court undertakes here. The Court has not reached any

casetext

substantive review of the plan administrator's decision, and the affidavits are not related to the administrative record. Defendants offered, and the Court considers, the affidavits for the limited purpose of establishing jurisdiction under ERISA. Plaintiff's statement of law is inapplicable. Similarly, the Court does not look to the statements made in the affidavits to determine whether Plaintiff has exhausted her administrative remedies. Turco's statements on that issue are irrelevant.

Moreover, the affidavits are a necessary component of the Court's jurisdictional determination. The Court must determine whether the benefit plan at issue in this case is an ERISA plan in order to determine if the Court has jurisdiction under ERISA. The Fifth Circuit requires that the Court assess whether the employee benefit arrangement is in fact a plan administered by the employer, not subject
6 to safe harbor provisions, *6 and maintained for the benefit of employees, which the Court simply cannot do without the sort of facts supplied by Defendants in their affidavits. This was also the case as to Defendant Lincoln National, who also submitted an affidavit to establish the jurisdiction of this Court. Plaintiff is certainly entitled to dispute Defendants' facts about the plan or offer contradictory facts to show that the plan is not an ERISA plan, but Plaintiff has not done so, instead arguing only that the Court must strike necessary factual support for the jurisdictional question on grounds unrelated to jurisdiction. Plaintiff's motion to strike the affidavits [Record Document 69] is **DENIED.**

C. State Law Claims

ERISA establishes an exclusive federal regulatory regime over employee benefit plans. When an employee benefit arrangement is an ERISA plan, ERISA completely preempts any state law claims that relate to the plan. Aetna Health, Inc. v. Davila, 542 U.S. 200, 208 (2004). The Fifth Circuit applies a three-factor test to determine whether an employee benefit arrangement is an ERISA plan. Shearer v. Southwest Serv. Life Ins. Co., 516 F.3d 276, 279 (5th Cir. 2008). The employee benefit arrangement must be: "(1) a plan, (2) not excluded from ERISA coverage by the safe-harbor provisions established by the Department of Labor, and (3) established or maintained by the employer with the intent to benefit employees." Id.

The Supreme Court distinguishes between stand-alone benefits and full-fledged plans; only the latter are governed by ERISA. Peace v. Am. Gen. Life Ins. Co., 462 F.3d 437, 440 (5th Cir. 2006). A plan exists under ERISA when the
7 employer maintains an *7 ongoing administrative scheme to provide employee benefits. Id. The purchase of insurance, by itself, "does not conclusively establish a plan." Memorial Hosp. Sys. v. Northbrook Life Ins. Co., 904 F.2d 236, 242 (5th Cir. 1990).

In Peace, the Fifth Circuit found that an employer had no ongoing administrative scheme when its role was limited to choosing a funding mechanism, calculating the required contributions to the annuity, shopping for the annuity, and ensuring the eventual payment of benefits. Id. In Shearer, the Fifth Circuit found that there was no ERISA plan in a case where the employer paid premiums on two policies for two employees, but did not provide insurance for any other employees. Shearer, 516 F.3d at 280. Even in this case, the Court relied on a declaration presented by Lincoln National, stating the facts of the policy and the details of the administrative tasks performed by Eldorado, in order to determine whether Lincoln National's plan qualified as an ERISA plan. Record Document 30, p. 5-6.

Defendants argue that the United of Omaha policy qualifies as an ERISA plan. Record Document 61-2, p. 11. United of Omaha offers the affidavit of Renee Turco, a Supervisor of Claims for United of Omaha, who swears that United of Omaha issued group insurance policies to Eldorado to fund a plan sponsored

casetext

and administered by Eldorado. Record Document 62-2. The affidavit also swears that Eldorado "determined employee eligibility, coverage amounts, and provided United of Omaha with census information for the policies." Id., p. 2. Eldorado also coordinated submission of claims. Id. Eldorado offers the affidavit of Ashley Marshall, the benefits
8 manager for Eldorado, *8 which similarly states
that United of Omaha issued insurance policies to Eldorado to fund an employee welfare benefit plan established and maintained by Eldorado for its employees. Record Document 61-1. Plaintiff offers no competing facts as to plan management. It appears from these affidavits that Eldorado maintained an ongoing administrative scheme to provide employee benefits. The first and third prongs of the ERISA plan test are met: Eldorado's scheme is a plan, and it is maintained by Eldorado with the intent to benefit employees.

Defendants must also show that the benefit plan is not excluded from ERISA coverage by the safe-harbor provisions established by the Department of Labor. Shearer, 516 F.3d at 279. A plan falls within the safe-harbor provisions, and is not an ERISA plan, if: "(1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to collecting premiums and remitting them to the insurer; *and* (4) the employer received no profit from the plan." Meredith v. Time Ins. Co., 980 F.2d 352, 355 (5th Cir. 1993). Defendants state that Eldorado did contribute to the United of Omaha plan. Record Document 61-1, p. 2. Plaintiff admits that the plan does not meet the safe-harbor criteria. Record Document 68, p. 4. Therefore, Defendants have demonstrated that the employee benefit plan at issue in this case is an ERISA plan.

Plaintiff argues that her state law claims are saved from preemption by ERISA's "savings" clause, 29 U.S.C. § 1144(b)(2)(B). Record Document 68, pp. 11-15. As the Court has previously noted, however, the savings clause
9 "applies only to conflict or *9 statutory
preemption under ERISA Section 514, 29. U.S.C. § 1144(a). The savings clause does not apply to the concept of complete preemption under ERISA Section 502. Quality Infusion Care, Inc. v. Humana Health Plan of Texas, Inc., 290 Fed. Appx. 671, 681 (5th Cir. 2008)." Record Document 30, pp. 10-11. Because Plaintiff's claim is for benefits under section 502 (29 U.S.C. § 1132) this is a case of complete preemption. The savings clause does not apply.

ERISA preempts all state law claims related to qualified employment benefit plans. Defendants have shown that the plan at issue here is a qualified employment benefit plan and Plaintiff has not argued otherwise. Therefore, all of Plaintiff's state law claims against Eldorado and United of Omaha are preempted by ERISA and must be **dismissed with prejudice.**

D. Denial of Benefits Under ERISA

As this Court has previously noted, Plaintiff's suit is fundamentally a claim for benefits, although none of her federal causes of action are titled as such. Record Documents 35, p. 1; 60, p. 6. Nevertheless, as with the claims against Lincoln National, the Court reads Plaintiff's complaint to allege, under 29 U.S.C. § 1132(a)(1)(B), that Defendants wrongfully denied life insurance plan benefits. Record Document 60, p. 6.

ERISA provides a plan participant or beneficiary with a cause of action to recover benefits allegedly due to her under the terms of the plan, to enforce her rights under the plan, or to clarify her rights to future benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B). However, a plaintiff claiming benefits owed under an ERISA
10 plan "must *10 first exhaust available
administrative remedies under the plan before bringing suit to recover benefits." Bourgeois v. Pension Plan for Employees of Santa Fe Intern. Corps., 215 F. 3d 475, 479 (5th Cir. 2000). When attempts to exhaust the administrative review process would be futile, exhaustion is not required. Id. Plaintiff argues, as she did as to

casetext

Lincoln National, that administrative exhaustion would be futile in this case because "Eldorado, the administrator of both relevant life insurance plans, actively participated in the claims process and advocated as the plan administrator on behalf of plaintiff for benefits." Record Document 36, p. 30. As the Court has noted, this is an argument that if Eldorado could not succeed in the claims process, no one could. Record Document 60, p. 6.

This definition of futility falls far short of the Fifth Circuit's requirement that "[e]xhaustion is to be excused only in the most exceptional of circumstances." Davis v. AIG Life Ins. Co., 85 F.3d 624 (5th Cir. 1996) (finding no futility where the plaintiff argued that only insurance company personnel would be involved in the review process, all but assuring she would not succeed."); see Record Document 60, pp. 7-8. Plaintiff offers no evidence that she has exhausted United of Omaha's administrative appeal process. Instead, she advances two new arguments for the first time in opposition to United of Omaha's motion to dismiss. First, she argues that she did exhaust administrative remedies because Eldorado made a "verbal appeal...on plaintiff's behalf." Record Document 68, p. 17. This argument is inconsistent with the complaint: either Plaintiff did not appeal United of Omaha's denial of benefits decision because
11 she *11 believed such appeal would be futile, or she did appeal, in the form of a verbal request made by Eldorado. Second, she argues that United of Omaha's denial of benefits letter did not comply with the Code of Federal Regulations. Record Document 68, pp. 17-21. The Court interprets these new arguments as belated and improper attempts to amend the complaint. A plaintiff may not assert new allegations, based on facts not previously asserted, or contradict facts previously alleged, in her attempt to avoid dismissal.

Plaintiff has not shown that she exhausted the administrative appeals process, and therefore her claim against United of Omaha for denial of benefits in violation of ERISA must be **dismissed without prejudice** as premature.

Plaintiff further argues that there is no exhaustion requirement as to Eldorado because Eldorado is not the insurer and has no administrative appeal procedure of its own. Record Documents 36, p. 32; 67, p. 17. The cases uniformly hold that a plaintiff must exhaust her administrative remedies before she may file a claim for wrongful denial of benefits under ERISA. Hall v. Nat'l Gypsum Co., 105 F.3d 225, 231 (5th Cir. 1997). Plaintiff points to no case, and the Court is aware of no case, holding that this requirement applies only to the insurer but not to the plan administrator. Indeed, such a limitation would contravene the purpose of the exhaustion requirement: "minimizing the number of frivolous ERISA suits, promoting the consistent treatment of benefit claims, providing a nonadversarial dispute resolution process, and decreasing the time and cost of claims settlement...provide a clear record of administrative action if litigation should ensue, and to assure that judicial review is made under
12 the arbitrary and *12 capricious standard, not de novo." Id. Allowing Plaintiff to proceed against the plan administrator while requiring her to exhaust the administrative appeals process as to the insurer on the same claim would create confusion and put this Court in the position of conducting a substantive analysis as to the plan administrator that may be contradicted by the administrative appeal as to the insurer. Moreover, if Plaintiff were successful on administrative appeal and received benefits, she would have no claim against Eldorado at all. Plaintiff cannot proceed on the same claim against different Defendants in parallel venues. She is required to exhaust the insurance company's administrative appeals before she may bring suit under ERISA. This requirement applies to her claim against Eldorado.

E. Violations of COBRA

casetext

Plaintiff's complaint also alleges violations of COBRA. COBRA, the Consolidated Omnibus Budget Reconciliation Act, amends ERISA to provide for continued insurance coverage under certain circumstances and with certain requirements. 29 U.S.C. § 1161 et seq. COBRA applies to health insurance, but not to life insurance. Noel v. Laclede Gas Co., 612 F. Supp. 2d 1061, 1064 (E.D. Mo. 2009) ("COBRA notification requirements are inapplicable to life insurance"); see Robin v. Met. Life. Ins. Co., 147 F.3d 440, 442 n.4 (5th Cir. 1998) ("ERISA was amended in part by [COBRA] without, however, affecting life insurance."). Therefore, there can be no claim under COBRA related to Plaintiff's life insurance plan, and so the claims against both Defendants for violation of COBRA must be **dismissed with prejudice.**

13 *13 F. Equitable Relief

The remaining causes of action in the amended complaint seek various forms of equitable relief. ERISA permits a plaintiff to bring equitable claims under § 1132(a)(3), but only when she has no available remedy at law. In Varity Corp. v. Howe, the Supreme Court concluded that § 1132(a)(3) is a "safety net, offering appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere adequately remedy." 516 U.S. 489, 512 (1996). As the First Circuit explained, federal courts interpreting this language "have uniformly concluded that, if a plaintiff can pursue benefits under the plan pursuant to [§ 1132(a)(1)], there is an adequate remedy under the plan which bars a further remedy under [§ 1132(a)(3)]." LaRocca v. Borden, Inc., 276 F.3d 22, 28 (1st Cir. 2002).

The Fifth Circuit agrees. In Tolson, the court prohibited a plaintiff's claims for breach of fiduciary duty under ERISA because the plaintiff had adequate redress through a claim for benefits. Tolson v. Avondale Indus., 141 F.3d 604, 610 (5th Cir. 1998) ("Because [plaintiff] has adequate relief available for the alleged improper denial of benefits through his right to sue the Plans directly under section 1132(a)(1), relief through the application of Section 1132(a)(3) would be inappropriate."). In a similar case, the plaintiff alleged wrongful denial of medical benefits under an ERISA plan, and the Fifth Circuit held that the plaintiff could not also maintain a claim for breach of fiduciary duty under ERISA. Hollingshead v. Aetna Health Inc., 589 Fed. App'x. 732, 737 (5th Cir. 2014) ("[T]he simple fact that [plaintiff] cannot prevail on his
14 claim under *14 section 1132(a)(1) does not make his alternative claim under section 1132(a)(3) viable."); see Musmeci v. Schwegmann Giant Super Markets, Inc., 332 F.3d 339, 349 n.5 (5th Cir. 2003) ("Because we have found a remedy is available at law under Section [1132](a)(1)(B), the Plaintiffs are foreclosed from equitable relief under Section [1132](a)(3).").

Plaintiff disputes this reading, arguing that because Rule 8 permits a plaintiff to plead in the alternative, she can plead alternative claims for denial of benefits under ERISA and for equitable relief under ERISA. Record Document 67, pp. 9-10. The Federal Rules of Civil Procedure are just that - rules of procedure, which govern the procedure in all civil actions in federal courts. Fed. R. Civ. P. 1. The Federal Rules do not displace substantive law. The substantive law of ERISA prohibits a plaintiff from bringing a claim for equitable relief under section 1132(a)(3) when she has a remedy available under section 1132(a)(1). Because Plaintiff alleges that she was wrongfully denied benefits under section 1132(a)(1), she may not bring claims for equitable relief under section 1132(a)(3).

This requirement applies to both United of Omaha and Eldorado. Plaintiff argues, without support, that she may bring a breach of fiduciary duty claim against Eldorado because that claim is "not for life insurance benefits." Record Document 67, p. 9. The Court agrees; a claim for benefits and a claim for breach of fiduciary duty are different types of claims. But Plaintiff's fundamental claim in this case is that she was wrongfully denied life insurance benefits. As the Court has explained at length, Plaintiff may not
15 *15 bring the breach of fiduciary claim, or any

casetext

other equitable claim, when she has a claim for denial of benefits. This is the case even when the denial of benefits claim is brought against only the insurer, not the employer. Met. Life Ins. Co. v. Palmer, 238 F. Supp. 2d 826, 830 (E.D. Tex. 2002) ("Because [Plaintiff] is currently pursuing a claim against the relevant plans for benefits, under the law of this circuit, he cannot simultaneously sue [his employer] for breach of fiduciary duty. Additionally, even if [Plaintiff]'s claim under section 1132(a)(1)(B) is unsuccessful, that would not make this alternative claim for equitable relief viable.").

Plaintiff also argues that the Supreme Court, in CIGNA Corp. v. Amara, "did not hold that [section] 1132(a)(1)(B) was the exclusive remedy like Eldorado claims in this case." Record Document 67, p. 14; 563 U.S. 421 (2011). However, as the Fifth Circuit has explained, Amara "stated an expansion of the kind of relief available under [section 1132(a)(3)] when the plaintiff is suing a plan fiduciary and the relief sought makes the plaintiff whole for losses caused by the defendant's breach of a fiduciary duty." Gearlds v. Entergy Servs., Inc., 709 F.3d 448, 450 (5th Cir. 2013). In Amara, the district court found that an employer had intentionally misled the employees about its retirement plan, and reformed the plan accordingly. Id. The Supreme Court held that section 1132(a)(1) did not authorize such relief, but that it might be available under section 1132(a)(3). The Fifth Circuit concluded that "Amara's pronouncements about surcharge as a potential remedy under [section 1132(a)(3)] should be followed." Id. Therefore, in this Circuit, surcharge or "make-whole" damages are an
16 available equitable remedy *16 under ERISA section 1132(a)(3). This does not change the rule that equitable remedies are only available when a plaintiff has no remedy available at law. Plaintiff's claim is that surcharge is an available equitable remedy under section 1132(a)(3). On this point the Court agrees, but it is nonetheless the case that Plaintiff may seek no equitable remedies of any kind under section 1132(a)(3) because she has brought a claim for denial of benefits, a remedy at law. Throughout her complaint, Plaintiff asserts that she was wrongfully denied benefits under the United of Omaha life insurance plan, and that she is entitled to those benefits. See e.g. Record Document 36, p. 17 ("[P]laintiff is entitled to 'recover benefits due to her under the terms of each plan…' "). She may not also assert claims for equitable relief.

Plaintiff brings equitable claims for detrimental reliance, promissory estoppel or equitable estoppel, reformation, and unjust enrichment, as well as two claims of breach of fiduciary duty, and one claim for "uninsured status," which is also essentially a restatement of her breach of fiduciary duty claim. Record Document 67, p. 24 ("This claim pleads Eldorado violated its fiduciary duties under ERISA…"). These claims must be **dismissed with prejudice.**

## III. Conclusion

For the reasons discussed above, Defendant Eldorado's motion to dismiss [Record Document 61] and Defendant United of Omaha's motion to dismiss [Record Document 62] are **GRANTED.** Plaintiff's state law claims against both Defendants are **dismissed with prejudice** as preempted by ERISA. Plaintiff's
17 claim for denial of *17 benefits under ERISA is **dismissed without prejudice** for failure to exhaust administrative remedies. Plaintiff's claims for equitable relief under ERISA and her claim for violation of COBRA are **dismissed with prejudice.** Plaintiff's motion to strike affidavits [Record Document 69] is **DENIED.** Plaintiff's motion to conduct discovery [Record Document 76] is **DENIED as moot.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 7th day of April, 2017.

/s/__________

Elizabeth Erny Foote

United States District Judge

casetext

CIVIL ACTION NO. 17-1500 SECTION "R" (5)
UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA

# Torrence v. New Orleans Elec. Pension & Annuity Plan

Decided Jul 25, 2017

SARAH S. VANCE UNITED STATES DISTRICT JUDGE

**ORDER AND REASONS**

Defendant New Orleans Electrical Pension Plan (NOEPP) moves the Court to dismiss plaintiff Robert Torrence's complaint.[1] For the following reasons, the Court grants NOEPP's motion.

1 R. Doc. 11. Defendant Southern Benefit Administrators, Inc. (SBA) joined NOEPP's motion. On May 4, 2017, plaintiff voluntarily dismissed SBA. R. Docs. 22, 25.

## I. BACKGROUND

This case arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA). Plaintiff Robert Torrence joined the International Brotherhood of Electrical Workers (IBEW) in 1972 and became a Journeyman/Wireman out of Local 1077 in
2 Bogalusa, Louisiana in *2 1976.[2] At that time, Local 1077 was a small chapter, and did not have a welfare benefits plan or a pension plan.

2 [3] R. Doc. 1 at 2 ¶ 8.

3 *Id.*

According to plaintiff, he began working in New Orleans in 1976, and all of his contributions were paid to New Orleans Local 130.[4] The NOEPP is Local 130's pension plan. Plaintiff alleges that though he worked over the years in different states, he signed reciprocity agreements whereby his benefits would be paid to Local 130.

4 [5]*Id.* ¶ 9.

5 *Id.* at 2-3 ¶¶ 9-11. Plaintiff's benefits were paid to Local 130, and not plaintiff's Local 1077, because Local 1077 did not have a benefits plan. *Id.*

In 1991, plaintiff moved back to New Orleans and began working as an electrician for Transit Management of Southeast Louisiana.[6] Plaintiff alleges that during this time his pension contributions should have been made to Local 130.[7] Plaintiff further alleges that for many years he received statements from Local 130 stating that he was fully vested in the NOEPP.

6 [8]*Id.* at 5 ¶ 18.

7 *Id.*

8 *Id.* at 3 ¶ 13.

Plaintiff alleges that in 2015, he applied for pension benefits under the pension plan but was denied benefits.[9] On May 3, 2016, his
3 administrative *3 appeal of the denial of benefits was denied.[10] On February 21, 2017, plaintiff filed this lawsuit. Plaintiff alleges that NOEPP's denial of his benefits was arbitrary and an abuse of discretion, and that NOEPP breached its fiduciary duty to plaintiff.[11] Plaintiff's complaint seeks equitable relief for NOEPP's alleged breach of fiduciary duty under ERISA section 502(a)(3).

9 [12]*Id.* at 5 ¶ 20.

10 *Id.* at 6 ¶ 21.

11 *Id.* at 6-7 ¶¶ 25, 33.

12 *Id.* at 7 ¶ 35. ERISA section 502 is codified at 29 U.S.C. § 1132.

casetext

In addition to NOEPP, plaintiff's complaint also named SBA, Southern Electrical Retirement Fund, IBEW Local 1077, and IBEW Local 3 as defendants.[13] Plaintiff has since voluntarily dismissed his claims against all of these defendants.

13 [14]*Id.* at 2 ¶¶ 4-7.

14 R. Docs. 25, 27, 31, 33.

Defendant NOEPP now moves to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a brief response in opposition,[15] and defendant replied.

15 [16] R. Doc. 23.

16 R. Doc. 29.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to
4 relief that is *4 plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). But a court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555). In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009). If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see*
5 *Jones v. Bock*, *5 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007), the claim must be dismissed.

## III. DISCUSSION

### A. Breach of Fiduciary Duty

Plaintiff's complaint asserts that NOEPP breached its fiduciary duty and is therefore liable under ERISA section 502(a)(3). In *Varity Corp. v. Howe*, 516 U.S. 489 (1996), the Supreme Court recognized that ERISA section 502(a)(3) is a "catchall provision" that "act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Id.* at 512. Accordingly, in certain instances, ERISA plaintiffs can bring claims for breach of fiduciary duty under section 502(a)(3).

The Fifth Circuit has interpreted the language in *Varity Corp.* to mean that ERISA plaintiffs cannot sue for breach of fiduciary duty for personal recovery if other "adequate relief [is] available." *Tolson v. Avondale Industries, Inc.*, 141 F.3d 604, 610 (5th Cir. 1998); *see also Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 349 n.5 (2003) ("Because we have found a remedy is available at law under Section 502(a)(1)(B), the Plaintiffs are foreclosed from
6 equitable relief under Section *6 502(a)(3).") (citing *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002)); *Metropolitan Life Ins. Co. v. Palmer*, 238 F. Supp. 2d 831, 835 (E.D. Tex. 2002).[17] Accordingly, plaintiff cannot bring a claim for equitable relief for breach of fiduciary duty if he has another remedy available. This includes a claim for denial of benefits under section 502(a)(1). *Tolson*, 141 F.3d at 610. Further, that an ERISA plaintiff may ultimately be unsuccessful in his or her claim for denial of

casetext

benefits does not make a claim under 502(a)(3) viable. *Id.*; *Hollingshead v. Aetna Health Inc.*, 589 F. App'x 732, 737 (5th Cir. 2014) ("[T]hat [plaintiff] cannot prevail on his claim under section [502](a)(1) does not make his alternative claim under section [502](a)(3) viable.") (citation omitted).

17 The Fifth Circuit's holding in *Tolson* is consistent with other federal courts that have addressed the question. *See Larocca v. Borden, Inc.*, 276 F.3d 22, 28-29 (1st Cir. 2002) (collecting cases).

The crux of plaintiff's complaint is that NOEPP improperly denied him benefits under the pension plan.[18] Plaintiff alleges that NOEPP made errors in the administration of the pension plan that "caused Plaintiff to be denied pension benefits under the Plan."[19] He further alleges that the denial of benefits was an abuse of discretion, arbitrary, and based on
7 insubstantial *7 evidence.[20] ERISA section 502(a)(1)(B) states that a civil action may be brought by a plan participant "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Thus, to the extent plaintiff believes NOEPP improperly denied him benefits, plaintiff has an adequate remedy under section 502(a)(1)(B). Plaintiff is therefore precluded from bringing a claim for equitable relief under section 502(a)(3). *Tolson*, 141 F.3d at 610; *see also Brown v. Aetna Life Ins. Co.*, 975 F. Supp. 2d 610, 622-23 (W.D. Tex. 2013) ("Because Plaintiff's suit is, at bottom, a suit to recover plan benefits, . . . Plaintiff may not simultaneously maintain his claim for breach of fiduciary duty.") (internal modifications and quotation marks omitted); *Roig v. Limited Long Term Disability Program*, No. 99-2460, 2000 WL 1146522, at *10 (E.D. La. Aug. 4, 2000) (rejecting plaintiff's breach of fiduciary duty claim that was "merely a disguised claim for failure to pay benefits").

18 *See generally* R. Doc. 1.

19 *Id.* at 5 ¶ 19.

20 *Id.* at 6 ¶¶ 25, 27-28.

### B. Denial of Benefits Claim

Although plaintiff does not explicitly assert a claim for denial of benefits, as explained above, the denial of benefits is clearly the focus of his complaint. But even viewing plaintiff's
8 allegations in the light most favorable *8 to him, any claim for denial of benefits fails because plaintiff does not identify any portion or language of the pension plan at issue that confers his benefits. Section 502(a) allows plan participants to sue "to recover benefits due to him under *the terms of the plan*, to enforce his rights under the *terms of the plan*, or to clarify his rights to future benefits under the *terms of the plan*." 29 U.S.C. § 1132(a) (emphasis added). Without any identification of the terms of the pension plan, plaintiff's allegation that NOEPP improperly denied him benefits is conclusory and too speculative to allow the Court to draw a reasonable inference that the NOEPP is liable for the misconduct alleged. Accordingly, plaintiff's claim for denial of benefits must be dismissed. *See Mid-Town Surgical Center, L.L.P. v. Humana Health Plan of Texas, Inc.*, 16 F. Supp. 3d 767, 778 (S.D. Tex. 2014) (granting motion to dismiss claim for denial of benefits because plaintiff failed "to identify any specific plan terms that confer the benefits it seeks); *Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Georgia, Inc.*, 995 F. Supp. 2d 587, 600-02 (N.D. Tex. 2014) ("Accordingly, to assert a claim for benefits under ERISA, a plaintiff must identify a specific plan term that confers the benefits in question.") (internal quotation marks omitted) (collecting cases).

### 9 *9 C. Leave to Amend

Plaintiff's response in opposition asks for the opportunity to amend his complaint if NOEPP's motion is granted.[21] The Court will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of

relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[21] R. Doc. 23 at 3.

Leave to amend, however, "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The Court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182.

Because a claim for denial of benefits is available to plaintiff as a participant in the pension plan, [22]*see* 29 U.S.C. § 1132(a)(1), any amendment to assert a breach of fiduciary duty claim would be futile. But the identified deficiencies in plaintiff's claim for denial of benefits are not
10 incurable. *10 Accordingly, the Court dismisses this claim without prejudice and with leave to amend. Plaintiff has 21 days from the date of entry of this order to amend his claim for denial of benefits.

[22] R. Doc. 1 at 1 ¶ 2. --------

## IV. CONCLUSION

For the foregoing reasons, NOEPP's motion is GRANTED. Plaintiff's claim for breach of fiduciary duty is DISMISSED WITH PREJUDICE. Plaintiff's claim for denial of benefits is DISMISSED WITHOUT PREJUDICE and with leave to amend within 21 days of entry of this order.

New Orleans, Louisiana, this 25th day of July, 2017.

/s/__________

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE